Hart, J.
 

 The facts heretofore related are undisputed, and as a consequence the sole issue is one of law
 
 *314
 
 as to whether the depot company, by the appropriation proceedings, acquired a fee to the premises in question, or only an easement therein for the purposes of maintaining and operating a terminal interurban depot thereon. If it acquired a fee, then the prayer of the claimants must be denied; but if only an easement, the claimants are entitled to prevail and have their fee-simple title quieted.
 

 The title of the depot company came to it not by deed of conveyance, but through the exercise of the right of eminent domain with its legislative limitations, and it was powerless to acquire a greater estate or interest than that authorized by law, taking into consideration the purposes for which it was incorporated and the business in which it might engage.
 

 As noted in the statement of facts, the statute under which the depot company was authorized to organize gave it the right to appropriate property on the same basis as railroad companies. Section 8759, General Code, relating to appropriation of private property by railroad companies, as in force May 29, 1912, was as follows:
 

 “A
 
 company * * * which owns or operates a railroad may enter upon any land for the purpose of examining and surveying its railroad line, and appropriate so much thereof as is deemed necessary for its railroad # * #
 

 It will be noted that the statute is silent as to the estate or interest which a railroad company may appropriate, except that it authorizes “so much thereof as is- deemed necessary.” Since the corporation is confined in scope of business to that for which it is incorporated, there is no good reason why it should acquire by appropriation a greater estate than it can use and enjoy in such business, in this case, an easement to continue as long as the property is used for depot purposes, and the authorities sustain this position.
 

 
 *315
 
 “In the absence of any definition of the estate which the grantee of the power is authorized to acquire or any limitations in the granting statute, no more property can be taken than the public use requires; this rule applies both to the amount of property and the estate or interest in such property to be acquired by the public. Furthermore, it is universally recognized that a grant of the power of eminent domain will not be extended by implication, and that when an easement will satisfy the purpose of the grant, the power to condemn the fee will not be included in the grant unless it is so expressly provided.” 18 American Jurisprudence, 741, Section 115. See also 68 A. L. R., 837, and 79 A. L. R., 515.
 

 “Under the Constitution of 1802, and under the present Constitution, the Legislature has had the power to appropriate, or to authorize the appropriation of, a fee-simple title or whatever lesser title or interest is necessary for the public use.” 15 Ohio Jurisprudence, 763, Section 63. See also
 
 Malone
 
 v.
 
 City of Toledo,
 
 34 Ohio St., 541;
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Magruder,
 
 63 Ohio St., 455, 59 N. E., 216;
 
 Pontiac Improvement Co.
 
 v.
 
 Board of Commrs. of Cleveland Metropolitan Park District,
 
 104 Ohio St., 447, 135 N. E., 635, 23 A. L. R., 866.
 

 “No greater interest may be taken than is necessary for the public use; for example, where an easement is sufficient, only an easement may be taken.” 15 Ohio Jurisprudence, 763, Section 63. See also
 
 John U. Giesy
 
 v.
 
 Cincinnati, Wilmington & Zanesville Rd. Co.,
 
 4 Ohio St., 308, 325;
 
 Lithgow
 
 v.
 
 Pearson,
 
 25 Colo. App., 70, 135 P., 759;
 
 Proprietors of Locks and Canals on Merrimack River
 
 v.
 
 Nashua & Lowell Rd. Co.,
 
 104 Mass., 1, 6 Am. Rep., 181;
 
 Neitzel
 
 v.
 
 Spokane International Ry. Co.,
 
 65 Wash., 100, 117 P., 864, 36 L. R. A. (N. S.), 522.
 

 “The general rule has been laid down that only an easement may be taken, unless the taking of a greater
 
 *316
 
 estate, as a fee simple, is expressly authorized by law.” 15 Ohio Jurisprudence, 763, Section 63. Cor
 
 win
 
 v.
 
 Alexander Cowan,
 
 12 Ohio St., 629;
 
 McCombs
 
 v.
 
 Stewart,
 
 40 Ohio St., 647, 665;
 
 Vought
 
 v.
 
 Columbus, Rocking Valley & Athens Rd. Co.,
 
 58 Ohio St., 123, 163 and 164, 50 N. E., 442.
 

 “Inasmuch as property cannot constitutionally be taken by eminent domain except for the public use, it follows that no more property shall be taken than the public use requires; and this rule applies both to the amount of property and .the estate or interest in such property to be acquired by the public. If an easement will- satisfy the requirements of the public, to take the fee would be unjust to the owner, who is entitled to retain whatever the public needs do not require, and to the public, which should not be obliged to pay for more than it needs. Furthermore, it is universally recognized that a grant of the power of eminent domain will not be extended by implication, and that when an easement will satisfy the purpose of the grant the power to condemn the fee will not be included in the grant unless it is so expressly provided. Accordingly, it is well settled that when land is taken for the public use, unless the fee is necessary for the purposes for which the land is taken, as for example when land is taken for a schoolhouse or the statute expressly provides that the fee shall be taken, the public acquires only an easement. ’ ’ 10 Ruling Case Law, 88, Section 78.
 

 An examination of the statutes of this state will disclose that the Legislature has in certain instances expressly provided for the appropriation of a fee-simple title by the public and governmental authorities of the state, while no such express provision has been made where appropriation is to be made by private or
 
 quasi-
 
 public corporations. In view of this clear-cut distinction made by the Legislature, the courts cannot make a different one by judicial construction.
 

 Prior to 1906, there was no express statutory au
 
 *317
 
 tliority to appropriate a fee-simple title in Ohio. In 1906, by the amendment of Section 3691, General Code (98 Ohio Laws, 164), this authority was expressly granted to municipal corporations. Since that date this section has provided that in case of appropriation of private property for municipal purposes “an absolute estate in fee simple, shall be vested in snch corporation, unless a lesser estate or interest is asked for in the application, in which case such lesser estate or interest as is so asked for shall be vested.” Section 7624, General Code, provides that boards of education shall have authority to appropriate private property for school purposes in the same manner as appropriations by municipal corporations, and this has been interpreted by the courts, since 1906, to allow school boards to ask for and appropriate the fee. In other words, where land is needed for public purposes such as public buildings, public schools, public squares, parks, streets, highways, drains, water courses or flood control dams, a fee-simple title may be taken by appropriation.
 

 On the other hand, Sections 11038 to 11059, inclusive, General Code, which authorize the appropriation of private property by gwasi-public corporations generally, including railroads, do not expressly authorize the appropriation of a fee, but do authorize (see- Section 11059) such corporations, on payment of judgment and costs, “to take possession of, and hold, the property, rights or interests so appropriated, for the uses and purposes for which the appropriation was sought.” The last above mentioned section has been in force since March 23, 1875, and was not amended in 1906 when the public corporation appropriation statutes were amended giving municipal or public corporations the right to appropriate a fee.
 

 Section 9169-2, General Code, giving depot companies the right to appropriate private property, was not passed until 1910, but the Legislature, with its
 
 *318
 
 amendment of the governmental appropriation statutes before it, significantly omitted giving such companies the right to appropriate a fee, but gave them the same rights in this respect as railroads. As the Legislature had the power to grant to railroad and depot companies the right to appropriate a fee as it had already done in the case of public corporations, but did not do so, the omission shows clear legislative intent to withhold that right from such companies.
 

 There is good reason for such distinction. In case of public corporations, public funds are expended for more or less permanent purposes, but if there is a subsequent abandonment of the public project, the funds will be devoted to some other public use. On the other hand, authority to appropriate private property is given to gwasi-public corporations for the purpose of serving .the public, and when that service ceases the right to hold the property ceases and it reverts to the owner from whom the property right was taken, or to those claiming under him. Any other rule would result in abuses. It would permit private corporations to condemn property ostensibly for public purposes, but when the fee was once acquired it could devote the property to any use, and thus employ the extraordinary power of eminent domain to acquire property for ultimate private use.
 

 For the reason that any other decision would open the door to such abuses, and for the reason that the question is settled by the clear interpretation of our statutes, this court is constrained to hold that the depot company did not acquire a fee-simple title to the premises involved in this litigation.
 

 In passing, it may be observed that, while the depot company evidently sought to have a fee-simple title awarded to it, the decree of the Probate Court failed to grant such title even if the law had authorized it. In conclusion, the depot company claims that the question here involved should have been raised and deter
 
 *319
 
 mined by tbe Probate Court in the appropriation proceedings and that the claimants are now estopped to raise it. We are of opinion that the Probate Court, had no jurisdiction to determine this matter for the reason that its jurisdiction in this respect was fixed by the statutes granting the right of appropriation.to the depot company. That court could not decide that a fee should be taken, because that question was not and could not be before it. This was a matter of law controlling the court as well as the litigants.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Williams, Myers and Matthias, JJ., concur.