Matthias, J.
The interest which the board of education acquired in the land must be determined from the statutes in force at the time of the appropriation action. The heirs make no claim of title to the building thereon.
The petition in the appropriation case was as follows :
“Be it known that by virtue of the authority by law vested in the Board of Education of Richland Township Belmont County Ohio organized under the act passed March 14, 1853, entitled ‘an Act to Provide for the Reorganization Supervision and Maintenance of Common Schools.’ Said corporation wish to appropriate for the use of said corporation for the purposes hereinafter mentioned the following property, which property is owned by Mary R. John B. Eliza A. Jane F. and William A. McMahon, minor heirs of William McMahon, dec’d (subject to the dower interest as claimed of Ellen McMahon widow of said *245 William McMahon dec’d) All of the county of Belmont and state of Ohio (the said widow having no dower interest in said property, as aforesaid, as they aver) each of said heirs having the one undivided fifth part thereof in fee simple.
“And the said Board of Education of Richland Township describe said property specifically as follows to wit it being part and parcel of the lands of said heirs Mary R. John B. Eliza A. Jane F. and William A. McMahon minor heirs of William McMahon, dec’d. being part of the southwest quarter of Sec. No. 28 township 6 and range 3 Belmont county Ohio being part of the land heretofore owned' by John McMahon, and now owned by the said heirs at law of Wm. McMahon dec’d and bounded as follows Being-part of the S. W. Qr. of sec., 28, township 6, and range 3, commencing at a stone planted on the north edge of the turnpike on the east line of said tract of land owned by said heirs thence north 2y2° E. 22 rods thence south . 79° W. 8.25 rods, thence south %° E. 20 rods, thence south 87%° E. 7 rods, to the place of beginning containing 3 roods 38 1/10 perches. Said board of education seek to appropriate said described 3 roods and 38 1/10 rods for a schoolhouse site for the use of subdistrict No 15 in said township, and the said board of education being unable to agree with the owners of said land upon the compensation to be paid for the damages they may sustain by reason of such appropriation pray that such proceedings may be had, and such judgment be rendered thereon as is required by the act of the General Assembly of the state of Ohio entitled An Act Supplementary to the Act Entitled an ‘Act to Provide for’ The Reorganization, Supervision, and Maintenance of Common Schools passed March 14 1853. Said supplementary act, passed Feb. 10, 1860, and as may be *246 required by the act of the General Assembly of the state of Ohio entitled an ‘Act to Provide for the Compensation to Owners of Private Property to the Use of Corporations Passed April 30, 1852.’
“(Signed) Board of Education of Richland Township
By W. S. Kennon their Aty”
The pertinent part of the “Act to Provide for The Reorganization, Supervision and Maintenance of Common Schools, passed March 14, 1853,” referred to in the petition in the appropriation was as follows:
“The said township board of education in each township of the state, and their successors in office, shall be a body politic and corporate in law, and as such may contract and be contracted with, sue and be sued, plead and be impleaded, in any court of law or equity in this state, and may receive any gift, grant, donation or devise, made for the use of any school or schools within their jurisdiction; and moreover they shall be and hereby are invested in their corporate capacity with the title, care and custody of all schoolhouses, schoolhouse sites, school libraries, apparatus or other property belonging to the school districts as now organized, or which may hereafter be organized, within the limits of their jurisdiction, with full power to control the same in such manner as they may think will best subserve the interest of common schools and the cause of education; and when in the opinion of the board any schoolhouse or schoolhouse site has become unnecessary, they may sell and convey the same in the name of the township board of education of the proper township; such conveyance to be executed by the chairman and clerk of said board, and shall pay the avails over to the township treasurer of the proper township for the benefit of schools, and all *247 conveyances of real estafe which may be made to said board, shall be to said board in their corporate name and to their successors in office.” (Emphasis supplied.) 51 Ohio Laws, 429, 433, Section 11.
The supplemental act passed February 10, 1860, and referred to in the petition, was in part as follows:
“Be it enacted by the General Assembly of the state of Ohio, that it shall be lawful for any board of education, organized under the act passed March 1 (14), 1853, entitled ‘an Act to Provide for the Reorganization, Supervision and Maintenance of Common Schools,’ or organized under the act passed February 21, 1849, entitled ‘an Act for the Better Regulation of the Public Schools in Cities, Towns, &c.,’ in every case where it may be necessary, to procure a schoolhouse site, and the said board of education and the owner thereof shall be unable, from any cause, to agree upon the sale and the purchase thereof, to make out an accurate survey and description of the parcel of land which the said board of education may desire to appropriate for schoolhouse purposes, and file the same with the probate judge of the proper county, and thereupon the same proceedings of appropriation shall be had which are provided for by the act entitled ‘an Act to Provide for Compensation to the owners of Private Property Appropriated to the Use of Corporations, ’ passed April 30, 1852, and the various acts amendatory and supplementary thereto.” (Emphasis supplied.) 57 Ohio Laws, 9.
The pertinent part of the “Act to Provide for Compensation to the Owners of Private Property Appropriated to the Use of Corporations,” passed April 30, 1852, referred to in the supplementary act, supra, was as follows:
“Whenever any such corporation shall wish to make any such appropriation, and shall be unable to agree *248 with, the owner or owners of the property sought to be appropriated, or with his, her, or their authorized agent or attorney, upon the compensation to be paid therefor, it shall be the duty of such corporation, by its proper officer, agent or attorney, to make out a statement, which shall contain a specific description of each parcel of property and rights sought to be appropriated, within the county where such application shall be made, and which such corporation, at the time of filing, such statement, seeks to appropriate, of the work, if any, intended to be constructed thereupon, the name or names of the owners of each parcel, if known, or if not, a statement of that fact, and such statement shall be forthwith filed with the probate judge of the proper county.’’ (Emphasis supplied.) 50 Ohio Laws, 201, Section 2.
“The jury shall render their verdict to the probate judge, who shall enter the same on his minutes; and unless for good reason shown, the court shall grant a new trial, the judge shall enter of record a confirmation of the verdict so rendered, and upon the payment of the amount for which the verdict is rendered, and such costs as may be assessed, the court shall render a judgment, to the effect, that the said corporation shall hold the property in the proceedings mentioned for the purposes for which the same was appropriated, and enter the same upon record, and thereupon such corporation shall hold the same accordingly, and be entitled to execution to put them in possession thereof * * (Emphasis supplied.) 50 Ohio Laws, 201, 204, Section 11.
It was clearly stated in those sections of the act that the right of the Board of Education of Richland Township at the time of this appropriation was that which was conferred by law on other corporations, and, further, such statutes did not in any place provide *249 for the appropriation of an estate in fee simple. If a fee simple estate was authorized to be appropriated under those statutes, as contended by the defendant board of education, such authority was by implication.
It is to be noted that in the last-cited act (50 Ohio Laws, 201), section 2 provided that the corporation seeking appropriation shall file a petition with the specific description of each parcel of property and “rights sought to be appropriated.” Section 5 of that act required the jurors to assess the damages in money which the owners will sustain by reason of the appropriation of such property “io the use of” the corporation and required the jury to assess the amount of compensation “irrespective of any benefit to him from any improvement proposed by said corporation.” Finally, section 11 required the court to enter a judgment “that the said corporation shall hold the property in the proceedings mentioned for the purposes for which the same was appropriated.” (Emphasis supplied.)
The certified copy of the journal entry of the Probate Court of Belmont County recites that on February 6, 1861, a jury was summoned and qualified to “justly and impartially assess according to their best judgment the amount of compensation which is due to Mary R. McMahon, John B. McMahen, Eliza A. McMahen, Jane A. McMahen and William A. McMahen minors heirs at law of William McMahen dec’d by reason of the appropriation of the property to the use of the said Board of Education of Richland Township, Belmont county, Ohio, in the proceedings now pending irrespective of any benefit from any improvement proposed by said corporation, and that they were further sworn or affirmed that they will in assessing any damage that may accrue to the aforesaid owners *250 by reason of tbe appropriation other than the compensation, further ascertain how much less valuable the remaining portion of said property will be in consequence of such appropriation.”
A subsequent journal entry recites that the jury does “assess the damages in money which the defendants Mary R. McMahen, John B. McMahen, Eliza A. McMahen, Jane F. McMahen and William A. McMahen will sustain by reason of the appropriation of their property to the use of said corporation in these proceedings mentioned at the sum of two hundred and eighty (280.00) dollars.”
Statutes conferring the power of eminent domain have been considered by this court in many cases and the principle seems well established that in order to appropriate a fee simple estate the power to do so must clearly appear. The laws under which the state of Ohio was authorized to appropriate land for the construction of canals, enacted February 4, 1825 (23 Ohio Laws, 50), provided for the appropriation of lands which could not be purchased, and provided that, upon the appraisal by not less than three nor more than five discreet disinterested persons, the “canal commissioner shall pay the damages so to be assessed and appraised and the fee simple of the premises so appropriated shall vest in this state.”
See, also, Malone v. City of Toledo, 34 Ohio St., 541, and Haynes v. Jones, 91 Ohio St., 197, 110 N. E., 469. However, where appropriations are made under general acts such as above set forth, the cases have universally treated the taking as the appropriation of only an casement. Vought v. Columbus, Hocking Valley & Athens Rd. Co., 58 Ohio St., 123, 50 N. E., 442; Hatch v. Cincinnati & Indiana Rd. Co., 18 Ohio St., 92. The rule has recently been restated by this *251 court in the case of Henry v. Columbus Depot Co., 135 Ohio St., 311, 20 N. E. (2d), 921, paragraph one of the syllabus of which reads as follows:
“When private property is appropriated for a public, or gmsi-public use, unless express authority is given by statute, no greater estate or interest may be taken than is necessary for such public use. In such case, where an easement is sufficient, only an easement may be taken. (Vought v. Columbus, Hocking Valley & Athens Rd. Co., 58 Ohio St., 123, approved and followed.)”
Those cases are in accord with the general rule obtaining in most of the states. This proposition has been stated in 3 Nichols on Eminent Domain (3 Ed.), 166, as follows:
“Unless there is a constitutional inhibition upon the power of the legislature in this respect, the latter has the sole power to determine what shall be acquired both as to quantum and quality of estate. Accordingly, it follows that the legislature has power to authorize the acquisition of a fee or of any lesser estate or interest.
“As has been pointed out elsewhere herein, statutes authorizing the exercise of eminent domain are to be strictly construed against the condemnor. This rule of strict construction has been applied to statutory declarations with respect to the extent of the interest which is to be acquired. It has been held that only such interest as is expressly authorized by statute may be taken. The extent of the’ interest to be acquired may not be enlarged by implication.”
A pertinent case previously decided by this court is Board of Education of Incorporated Village of Van Wert v. Inhabitants of Said Town, 18 Ohio St., 221, 98 Am. Dec., 114. That case involved the abandonment *252 of lands which in the plat of the village was dedicated by the proprietors “for school purposes and on which to erect schoolhouses.” The abandonment resulted by reason of the close proximity of a railroad making the use of such sites for schoolhouses inconvenient and dangerous. The board of education of the incorporated village filed a petition in the Court of Common Pleas seeking an order to sell the lots and apply the proceeds to the purchase of suitable schoolhouse sites.
Upon demurrer to the petition this court held (1) that the dedication was for a specific use and conferred no power of alienation so as to extinguish the use, (2) that if the use created by the dedication was abandoned the premises would revert to the dedicators or their representatives, and (3) that, without their consent, they could not be divested of their contingent right of reversion by an absolute alienation.
The determination of the question before us must turn upon the authority for the appropriation of private property expressly conferred by the law in effect at the time the property in question was taken and upon the principle that the power of eminent domain cannot be extended by implication.
Here, the “use” of the property for the specific purpose designated was all that was authorized by law then in force to be appropriated and that is all that was sought. The judgment rendered by the Probate Court was in accordance with the provision of the then existing law that “the court shall render a judgment, to the effect, that the said corporation shall hold the property in the proceedings mentioned for the purposes for which the same was appropriated,” and that purpose was specified to be “for a schoolhouse site for the use of sub. district 15 in said township.” (Emphasis supplied.)
*253 The judgment of the Court of Appeals is reversed, and the cause remanded to the Court of Common Pleas for further proceedings in accordance with This opinion.

Judgment reversed.

Stewabt, Middleton, Taft and Hart, JJ., concur.
Weygandt, C. J., dissents.