DERYLE SEEFUS, APPELLEE, v. WILLARD BRILEY ET AL., APPELLANTS.

174 N. W. 2d 339

Filed February 20, 1970. No. 37344.

Baylor, Evnen, Baylor, Urbom & Curtiss and Vantine A. James, for appellants.

Wellensiek, Morrissey and Davis, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Otoe County quieting title to a vacated alley in Nebraska City in the plaintiff, enjoining the defendants from encroaching thereon, and awarding damages to the plaintiff. The defendants have appealed.

The record discloses that the real estate involved in this action is within an area that was platted and accepted by the city in 1859. At all times herein mentioned, the platted area was described as Elmwood Addition to Nebraska City, Nebraska. On November 22, 1960, defendants became the owners of Lots 1, 2, 3, 4, 5, and 6, Block 29, Elmwood Addition. On February 15, 1966, plaintiff became the owner of Lots 9, 10, 11, and 12, Block 29, Elmwood Addition. Between the two tiers of lots purchased by these parties was an east-west alley, 16.5 feet in width. On June 6, 1955, the alley

was vacated by ordinance of the city council of Nebraska City which vacation ordinance was never filed in the office of the register of deeds. In early 1966, plaintiff made inquiry of the city council about improving the alley and was informed that it was vacated. He then obtained deeds to the north and south halves of the vacated alley from those owning the abutting lots at the time the alley was vacated. It is the contention of plaintiff that the sale of lots by lot and block numbers alone does not convey title to half of the abutting vacated alley unless specifically included. The defendants contend that a conveyance by block and lot numbers includes the abutting half of a vacated alley unless it is specifically reserved. This is the primary issue in the case.

Nebraska City is a city of the first class and is controlled by the laws governing cities of such class. The applicable statute states: "Upon the vacation of any street, avenue or part of either, the same so vacated shall be and remain the property of the city, but may be sold and conveyed by the city for any price that shall be agreed upon by the mayor and three-fourths of the city council. When an alley is vacated the same shall revert to the owner of the adjacent real estate one half on each side thereof except that when any alley is taken wholly from one or more lots, upon the vacation thereof, it shall revert to the owner or owners of the lot or lots from which it was originally taken." § 16-611, R. R. S. 1943. It will be noted that the first part of the statute deals exclusively with streets and avenues while the second part deals only with the vacation of alleys. According to this statute, when an alley is vacated, it reverts, under the facts before us, one-half to the abutting lots on each side of the alley.

The parties to the litigation appear to be in agreement that the second part of section 16-611, R. R. S. 1943, is the controlling statute in the instant case. The dispute arises as to whether or not a conveyance by lot

and block number, as shown by the dedication and plat, conveys the one-half of the abutting alley, or whether or not the reversion of the abutting one-half of the vacated alley creates a separate and distinct tract that must be transferred by separate words of conveyance.

In Hoke v. Welsh, 162 Neb. 831, 77 N. W. 2d 659, this court said: "The general rule has been stated as follows: 'Where a map, plat, plan, or survey of the premises conveyed is adequately referred to in a deed, usually it is to be considered as a part of the latter instrument and construed in connection therewith; and the courses, distances, or other particulars which appear on such map, plat, plan, or survey, are, as a general rule, to be considered as the true, or part of the true, description of the land conveyed.' * * * Applying the foregoing rule, it is clear that the purport of the deed was to convey the title to the lots and one-half of the vacated streets and alleys to the purchaser as they are shown on the plat of the Original Town of Ogallala." In the Hoke case, the deed specifically followed the lot and block description with the additional words "now vacated." This case holds that such words carry with it the legal inference only that streets and alleys have reverted to the owners of the adjacent real estate, one-half on each side thereof, and brings into play the legal effects that attach to the description used by virtue of the vacation of the plat. The holding of the court is in effect a holding that the conveyance by block and lot number includes the adjacent one-half of a vacated alley.

In Hillerege v. City of Scottsbluff, 164 Neb. 560, 83 N. W. 2d 76, it was said: "It is true, as appellant asserts, that it has been sometimes stated that the fee of the street is in the municipality. This form of statement was sufficient for the facts the court was then considering and it was not necessary for it to determine or precisely declare in those cases the exact nature of the ownership a city has of a street or the condition and qualification of its title. It is generally recognized that

under legislation such as prevails in this state the title of a street vested in a municipality is not a fee simple title absolute but a qualified base or determinable fee and that the title which the municipality has is held in trust for the purposes for which the street is dedicated." The reasoning of this case is as applicable to an alley as to a public street.

This principle is sustained in Dell v. City of Lincoln, 170 Neb. 176, 102 N. W. 2d 62, wherein it is stated: "Plaintiffs now argue that the greatest possible interest which defendant city could possess after it annexed the village of Havelock, including Sixty-ninth Street, was a fee simple determinable title, subject to being determined or diverted upon vacation of the street by defendant, which has occurred, and that plaintiffs are owners in fee simple absolute of one-half such street adjacent to their real property. We agree." See, also, Belgum v. City of Kimball, 163 Neb. 774, 81 N. W. 2d 205, 62 A. L. R. 2d 1295.

It is asserted by the defendants that the conveyance by block and lot number of real estate in accordance with a plat includes not only the generally recognized lot as described but also one-half of an alley abutting such property as shown on such plat. With this we agree. The city does not own the alley in fee absolute, its interest being defined as a qualified base or determinable fee. Such city has such a title until the happening of the event which terminates its interest, in this case the vacation of the alley. While the vacation of the alley increased the interest of the owner in the estate from that which he had prior to the vacation, in common language, it was nothing more than the acceleration of a lesser interest that he already had. The plaintiff contends that the vacation of the alley created a new estate unaffected by conveyances subsequent to the vacation of the alley on the theory that land cannot be appurtenant to land. It appears to be a general rule that the title to land additional to that described in a conveyance

cannot pass as a conveyance. But general rules do not always decide specific cases. Land may be conveyed without description when it is incidental or appurtenant to the grant when an intention to do so is established. Meier v. Maguire, 172 Neb. 52, 108 N. W. 2d 397.

"The inchoate right of the grantor to land, on vacation of a street, has been held to pass by a deed although not mentioned therein. The general rule is that when the owner of land abutting upon a street or highway or upon a body of water or watercourse conveys the land, the conveyance will carry title to and fix the boundaries of the grantor's land by the center of the street or highway or the thread of the body of water or watercourse if the grantor's title extends thereto, notwithstanding the land is described as being bounded by the road, highway, or watercourse." 23 Am. Jur. 2d, Deeds, § 258, p. 295. In Greenberg v. L. I. Snodgrass Co., 161 Ohio St. 351, 119 N. E. 2d 292, 49 A. L. R. 2d 974, the court said in the syllabus thereto: "Where the owner of a lot abutting on a street, which street is vacated during his ownership, conveys such lot by number and without reservation of any rights in the street, such conveyance transfers, in addition to the lot, all rights which the grantor may have acquired by reason of such vacation, even though the metes and bounds description in the conveyance extends only to the side of the street." See, also, Bradley v. Spokane & I. E. R. Co., 79 Wash. 455, 140 P. 688; Spence v. Frantz, 195 Wis. 69, 217 N. W. 700.

At the time the alley was vacated on June 6, 1955, Earl and May E. Faler were the owners of Lots 8, 9, 10, 11, and 12. On October 6, 1956, the Falers conveyed the lots to Eloise A. Coatney, who, on February 15, 1966, conveyed lots 9, 10, 11, and 12 to the plaintiff. At the time of the vacation of the alley, Albert H. and Olive Pearl Schneider were the owners of Lots 1, 2, 3, 4, 5, and 6. On November 22, 1960, the Schneiders conveyed these lots to the defendants without reserving

ownership to the north one-half of the alley. After trouble arose over the ownership of the vacated alley, plaintiff obtained a warranty deed from the Schneiders to the north one-half of the alley and a quitclaim deed from Coatney on February 21, 1966, to the south one-half of the alley. Plaintiff bases his claim to the whole of the alley on the warranty and quitclaim deeds last mentioned. These two deeds were ineffective for any purpose since title to the vacated alley had already been conveyed, the south one-half to plaintiff and the north one-half to defendants by the lot and block descriptions contained in the plat and without a reservation of title in the vacated alley.

We hold that the trial court was in error in quieting title to the whole of the alley in plaintiff and in enjoining the defendants from encroaching upon the north one-half of the alley. The basis for an award of damages to the plaintiff is likewise based on a misinterpretation of the law and will require a reconsideration in the light of this opinion.

We reverse the judgment of the trial court and remand the cause with directions to quiet title to the vacated alley in accordance with this opinion, to modify the award of injunctive relief accordingly, and to reconsider the question of damages in the light of the foregoing holdings.

REVERSED AND REMANDED WITH DIRECTIONS.