A. BIRCHARD CARTER ET AL., APPELLANTS, v. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

254 N. W. 2d 390

Filed May 18, 1977. No. 40930.

Edward F. Carter, Jr., of Barney & Carter, for appellants.

Paul L. Douglas, Attorney General, Warren D. Lichty, Jr., Gary R. Welch, and Randall E. Sims, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

The plaintiffs brought this action against the State of Nebraska, Department of Roads, alleging that they were the owners of the south 33 feet of the northeast quarter of Section 21, Township 10 North, Range 2 West of the 6th P.M., York County, Nebraska and asked the court to declare L.B. 1181, 82nd Legislature (§ 39-1320.06, R. S. Supp., 1972) and L.B. 213, 1975 Legislature, unconstitutional insofar as it prevented plaintiffs from erecting advertising signs on the property, and further prayed that the defendant be enjoined from interfering with the plaintiff's use of the land. The defendant answered and cross-petitioned, alleging that it was the owner of the south 33 feet of the northeast quarter of Section 21, Township 10 North, Range 2 West of the 6th P.M., York County, Nebraska, and prayed that the plaintiffs be required to remove existing signs on the land and that they be enjoined from permitting the erection of signs in the future. The court found that the defendant was the owner of the strip of land in question, granted essentially the relief prayed for, and found it unnecessary to decide the constitutional question on the statutes. We affirm.

The 33-foot strip in question was the north half of a county road established in 1877 under the provisions of the statutes in force at that time. In 1965, the defendant acquired by eminent domain a tract of land approximately 330 feet in width from the then owners of the southeast quarter of the northeast quarter of Section 21 for Interstate Highway purposes. This tract extended across the south side of the southeast quarter of the northeast quarter of Section 21, the south boundary of which was the north edge of the 33-foot strip which was then the north half of the existing county road. At about the same time, the defendant acquired by deed a similar tract in the southwest quarter of the northeast quarter of Section 21. The descriptions of the tracts acquired by the defendant, both in the eminent domain proceedings and in the deed, were metes and bounds descriptions which did not include any part of the county road. The south line of the description in the eminent domain proceeding, however, coincided with the north boundary of the county road and contained the recital that this boundary line was along the "existing public road right of way line."

After the acquisition of the Interstate right-of-way by the defendant, the county commissioners of York County vacated the county road in Section 21. The resolution of vacation recited: "And the land so abandoned be returned to the title owner of record."

From the former owners of the northeast quarter of Section 21, the plaintiffs obtained quitclaim deeds to the south 33 feet of the northeast quarter. These deeds are the source of their claim of title. Thereafter the plaintiffs entered into lease and license agreements with various parties permitting the construction of advertising billboards on the strip in question and in pursuance thereto some billboards were erected.

The plaintiffs argue that the description in the instruments and the proceedings by which the defend-

ant acquired title clearly excluded the south 33 feet which was the north half of the county road, and that therefore title to that strip upon vacation reverted to their grantors. The construction of the description upon which the plaintiffs base their claim is founded upon the metes and bounds description and the acreage included in an accompanying plat. If the land acquired by the defendant had not abutted the county road the plaintiffs' construction would clearly have to prevail.

In 1877 when the county road in question was created the statutes did not specify the nature of the interests which were to be acquired by the county in the eminent domain proceedings by which the road was opened. G.S., pp. 955, 956. The general rule in such instances is that the government acquires only the interest reasonably necessary for the purpose, which in this instance would be an easement for road purposes. 29 C. J., Highways, § 257, p. 540; Follmer v. Nuckolls County, 6 Neb. 204; Burnett v. Central Nebraska Public Power & Irr. Dist., 147 Neb. 458, 23 N. W. 2d 661; 30 C. J. S., Eminent Domain, § 449, p. 623. In the last-cited case we said, quoting other authority: " ' "In the absence of any definition of the estate which the grantee of the power is authorized to acquire or any limitations in the granting statute, no more property can be taken than the public use requires; this rule applies both to the amount of property and the estate or interest in such property to be acquired by the public. * * *." ' 18 American Jurisprudence, 741, Section 115.' Henry v. Columbus Depot Co., 135 Ohio St. 311, 20 N. E. 2d 921."

The question to be decided, viewed by the trial court as being expressed in an opinion letter included in the transcript, was whether by reason of the eminent domain proceedings in the one instance and by the deed in the other, the means through which the Nebraska Department of Roads acquired

title to the land abutting the county road, those instruments carried with them the underlying fee in the north half of the road. We take the same view. In Seefus v. Briley, 185 Neb. 202, 174 N. W. 2d 339, although not factually the same as our case, we did state, quoting from other authority, the general rule applicable to cases where the governmental agency does not have fee title to the road, but to some lesser interest such as an easement or determinable fee, and a conveyance is made using the edge of the road to define one of the boundaries of the tract acquired. We there said: " 'The inchoate right of the grantor to land, on vacation of a street, has been held to pass by a deed although not mentioned therein. The general rule is that when the owner of land abutting upon a street or highway or upon a body of water or watercourse conveys the land, the conveyance will carry title to and fix the boundaries of the grantor's land by the center of the street or highway or the thread of the body of water or watercourse if the grantor's title extends thereto, notwithstanding the land is described as being bounded by the road, highway, or watercourse.' 23 Am. Jur. 2d, Deeds, § 258, p. 295. In Greenberg v. L. I. Snodgrass Co., 161 Ohio St. 351, 119 N. E. 2d 292, 49 A. L. R. 2d 974, the court said in the syllabus thereto: 'Where the owner of a lot abutting on a street, which street is vacated during his ownership, conveys such lot by number and without reservation of any rights in the street, such conveyance transfers, in addition to the lot, all rights which the grantor may have acquired by reason of such vacation, even though the metes and bounds description in the conveyance extends only to the side of the street.' See, also, Bradley v. Spokane & I. E. R. Co., 79 Wash. 455, 140 P. 688; Spence v. Frantz, 195 Wis. 69, 217 N. W. 700." See, also, 11 C.J.S., Boundaries, § 35, Public Highways, p. 580. "The rule is not absolute, but one of construction, effect being given to the intention of the parties in

view of the whole instrument and surrounding circumstances. In case of ambiguity, the construction must favor the grantee." 11 C. J. S., Boundaries, § 35, b, p. 581. See, also, 11 C. J. S., Boundaries, § 35 c (1)(a), p. 582, and § 104 a (4), p. 693.

This is not one of those cases which are governed by the various statutes pertaining to such matters, for example, sections 14-115, 15-701, 16-611, 17-558, and 76-275.03, R. R. S. 1943.

The present statute on vacation or abandonment of county roads, section 39-1725, R. R. S. 1943, a part of a general 1957 revision of laws pertaining to the establishment, acquisition, and vacation or abandonment of county roads, appears to give the county board broad and varying authority to determine where title passes upon vacation or abandonment. Because of the fact that defendant acquired the underlying fee to the north half of the county road when it purchased or condemned the adjacent land, it is not necessary to determine the effect of that statute.

We hold that the nature and extent of the title or right taken in the exercise of eminent domain depends on the statute conferring the power. The statute will be strictly construed; where the estate or interest is not definitely set forth, only such estate or interest may be taken as is reasonably necessary to answer the public purpose in view. In the absence of a controlling statute a conveyance of land bounded by a highway, in which the grantor has the underlying fee, carries the fee to the center of the highway. The rule is not absolute, but one of construction, and doubts or ambiguities favor the grantee.

The defendant has argued that we need not consider the merits because plaintiffs failed to file their notice of appeal on time and therefore the court has no jurisdiction. The contention is founded upon the premise that the judgment was rendered on April 30, 1976. The issue is governed by Valentine Production

Credit Assn. v. Spencer Foods, Inc., 196 Neb. 119, 241 N. W. 2d 541; and section 25-1301, R. R. S. 1943. That statute provides in part: "Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanyed by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action." In Valentine Production Credit Assn. v. Spencer Foods, Inc., *supra,* we said that the docket pronouncement must include a notation "of the *relief granted or denied* in an action." The notation on the docket sheet in this case said: "For opinion letter see file." The record shows the judgment was not entered until May 18, 1976.

AFFIRMED.