CHARLES V. SEDERSTROM, JR., TRUSTEE, APPELLEE, V.
DONALD E. WREHE ET AL., APPELLANTS,
LARRY BAHENSKY, DOING BUSINESS AS BAHENSKY WELL
DRILLING, ET AL., APPELLEES,
JAMES S. CLINTON, INTERVENOR-APPELLEE.

339 N.W.2d 74

Filed October 7, 1983. No. 82-572.

Joseph Polack of Polack & Woolley, P.C., and Chesley S. Baker of Lauritsen, Baker & Brownell, for appellants.

C. Patrick Shaughnessy, Jr., of Shaughnessy, Shaughnessy & Shaughnessy, for intervenor-appellee.

KRIVOSHA, C.J., BOSLAUGH, · WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

GRANT, D.J.

Defendants, Donald E. Wrehe, an individual, and Harold E. and Mary Lou Wrehe, husband and wife, appeal from an order granting a motion for summary judgment filed by intervenor-appellee, James S. Clinton.

The motion for summary judgment was filed on January 5, 1982. The motion was submitted on February 4, 1982, on the entire court file. On March 26, 1982, the trial court, in the judge's minutes, made the following entry, "Intervenor's Mot. for S.J. Sustained."

On April 13, 1982, an order granting intervenor's motion for summary judgment was filed with the clerk of the District Court. The last sentence of this

order states, "This Order was entered on the Trial Docket this 26th day of March, 1982."

The record further shows that appellants, on April 13, 1982, filed a motion for new trial, seeking "that a new trial be had in the matter of the summary judgment motion filed by the intervenor, James S. Clinton." The certificate of service on this motion indicates that it was mailed to opposing counsel on April 12, 1982. This is noted only because it indicates that appellants were aware of the order filed on April 13 before the date of the filing.

The motion for new trial was overruled on July 12, 1982. Notice of appeal to this court was filed on August 11, 1982.

Neb. Rev. Stat. § 25-1143 (Reissue 1979) states: "The application for a new trial must be made, within ten days, either within or without the term, after the verdict, report or decision was rendered, except . . . ." The stated exceptions are not involved here.

Neb. Rev. Stat. § 25-1301(2) (Reissue 1979) states: "Rendition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action."

We have held that the docket pronouncement "must include a notation 'of the *relief granted or denied* in an action.' " *Carter v. State*, 198 Neb. 519, 525, 254 N.W.2d 390, 393 (1977), citing *Valentine Production Credit Assn. v. Spencer Foods, Inc.*, 196 Neb. 119, 241 N.W.2d 541 (1976). The docket notation in this case does set out the relief granted and was entered on March 26, 1982. The order of the trial court setting out in detail the sustaining of the motion merely confirms the docket entry, and concludes with the words, "This Order was entered on the Trial Docket *this* 26th day of March, 1982." (Emphasis supplied.)

Appellants' motion for new trial was not filed

within 10 days after judgment was rendered, as required by § 25-1143.

Appellants' notice of appeal was not filed within 1 month after the judgment was rendered, as required by Neb. Rev. Stat. § 25-1912 (Reissue 1979).

Although this dispositive point is not raised by appellee, it is obvious this court cannot act without jurisdiction, and it is clear, on the record presented to us by appellants, that this court is without jurisdiction to hear this appeal. See, *Sloan v. Gibson*, 156 Neb. 625, 57 N.W.2d 167 (1953); *Ricketts v. Continental Nat. Bank*, 169 Neb. 809, 101 N.W.2d 153 (1960).

APPEAL DISMISSED.