LEONARD LEE WELLS, APPELLANT, V. LOREN BARTHOLOMEW, AN INDIVIDUAL DOING BUSINESS AS BARTHOLOMEWS TREE SERVICE, AND BARTHOLOMEWS TREE SERVICE AND WELLS TREE SERVICE, A PARTNERSHIP, APPELLEES.

369 N.W.2d 62

Filed June 14, 1985.   No. 83-928.

E. Scott Otley of Brunette & Otley, and Patrick W. Healey of Healey Law Office, for appellant.

Robert T. Grimit of Baylor, Evnen, Curtiss, Grimit & Witt, for appellee Loren Bartholomew.

Kenneth E. Mahlin, for appellee partnership.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Appellant, Leonard Lee Wells, brought suit in the district court for Gage County against appellees, Loren Bartholomew, doing business as Bartholomews Tree Service, and the partnership of Loren Bartholomew (doing business as Bartholomews Tree Service) and Leonard Lee Wells (doing business as Wells Tree Service). Wells alleged that while in pursuit of the business of the partnership, Bartholomew negligently allowed his chain saw to swing into appellant, striking Wells in the left knee and causing injury. Appellees moved for summary judgment on the ground that the partnership agreement barred the action. The district court granted summary judgment, and this appeal followed.

The order of the trial court granting summary judgment was signed and filed in the office of the clerk of the district court on October 26, 1983. The record shows that appellant filed his

motion for new trial on Tuesday, November 8, 1983. The motion for new trial indicates that copies of the motion for new trial were mailed on November 4, 1983, to all counsel of record.

It is clear that appellant has not complied with the requirements of Neb. Rev. Stat. § 25-1143 (Reissue 1979), which requires that application for a new trial "must be made, within ten days, . . . after the verdict, report or decision was rendered" unless the party applying was unavoidably prevented from timely filing the motion or is basing his motion on newly discovered evidence. In this case there is no showing as to any unavoidable reason for the delay in filing the motion, nor is the motion based on any newly discovered evidence. As stated in *Nebraska Children's Home Soc. v. Collins*, 195 Neb. 531, 536, 239 N.W.2d 258, 261 (1976), "A motion for a new trial which is not filed within the time specified by statute is a nullity and of no force and effect." See, also, *Sederstrom v. Wrehe*, 215 Neb. 429, 339 N.W.2d 74 (1983).

In the absence of a timely motion for new trial, a notice of appeal must be filed within 1 month after the judgment or decree was rendered. The record shows that the appellant's notice of appeal filed December 9, 1983, was not filed within 1 month after the judgment was rendered, as required by Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1984).

This court cannot act without jurisdiction. The record presented to us by appellant shows this court is without jurisdiction to hear this appeal.

APPEAL DISMISSED.