THE FEDERAL LAND BANK OF OMAHA, A CORPORATION, APPELLEE, v. GORDON E. McELHOSE AND VLASTA McELHOSE, HUSBAND AND WIFE, APPELLANTS, IVADELLE SEDIVY ET AL., APPELLEES.

384 N.W.2d 295

Filed April 4, 1986. No. 85-154.

John Thomas, for appellants.

Charles Caldwell, for appellee Federal Land Bank.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Plaintiff-appellee, The Federal Land Bank of Omaha, a corporation, obtained two decrees foreclosing its mortgage upon land owned by the defendants-appellants, Gordon E. and Vlasta McElhose, husband and wife. In their appeal to this court the McElhoses assign as error the trial court's (1) inclusion in the second of its decrees a certain 80-acre parcel of land which had been exempted by the parties and had been excluded from the operation of the court's earlier decree, and (2) impliedly ruling in both decrees that the variable interest rate mortgage note the McElhoses executed was valid and enforceable. The bank asserts this court lacks jurisdiction to entertain the appeal because the McElhoses did not perfect it in time. We dismiss the appeal as to the trial court's first decree and affirm as modified as to its second decree.

In consideration of a $94,000 loan, the McElhoses executed and delivered to the bank a written promissory note which provided for a rate of interest which could vary in accordance with the bank's wishes. As a part of the same transaction and to secure the loan, the McElhoses executed and delivered to the bank a mortgage on approximately 598 acres of land in Knox County. Upon the McElhoses' default on the note, the bank brought this action against the McElhoses and other lienholders to foreclose the bank's mortgage and have it declared a first lien on the land.

The bank's petition excluded from its prayer, however, a certain 80-acre parcel of land, as the bank had previously released its mortgage thereon. During the course of the action, the other lienholders also excluded that 80-acre parcel from their various foreclosure proceedings against the McElhoses.

In their answer to the bank's petition, the McElhoses alleged that the unconscionability of a variable interest rate rendered the note void and unenforceable, and prayed for dismissal of

the bank's action. The McElhoses also answered the cross-petitions of, and prayed for dismissal of the proceedings brought by, the other lienholders.

In announcing its decision on December 4, 1984, the trial court found that the McElhoses were in default of the bank's note and mortgage and that the bank had a first lien on the land described in its petition, save and except for the 80-acre parcel which it had previously released from operation of the mortgage. The decision also excluded the aforesaid 80-acre parcel from the liens decreed in favor of the other lienholders. On the same day as the decision was announced, it was typed on the court's trial docket.

On January 25, 1985, a more formal statement of its decision, entitled "Decree," was signed by the trial judge. This second decision does not exclude the 80-acre parcel from the operation of the various liens established in accordance with the trial court's decision as announced on December 4, 1984, but otherwise conforms with that earlier decision. No further notation was made on the trial docket concerning the January decision.

The McElhoses filed their notice of appeal on February 19, 1985.

We first address the bank's contention that this court lacks subject matter jurisdiction. The bank's position rests on the premise that the only operative judgment, or decree, as the judgment of a court of equity is called, Black's Law Dictionary 369 (5th ed. 1979), was the one rendered in December when the trial court announced its decision and caused it to be typed on the trial docket. Thus, it argues, the McElhoses' notice of appeal is untimely, as it was not filed within 1 month of that date, as required by Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1984). See *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985), which holds that an appellate court acquires no jurisdiction if that mandatory time limit is not met. The McElhoses, on the other hand, argue that the operative decree was the second one rendered the following January when the trial court signed the more formal document evidencing its decision; thus they contend their appeal is timely. Neither position is entirely correct.

Neb. Rev. Stat. § 25-1301 (Reissue 1979) defines a judgment as the final determination of the rights of the parties and defines the rendition of a judgment as "the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket . . . ." *Sederstrom v. Wrehe*, 215 Neb. 429, 339 N.W.2d 74 (1983), holds that an entry reading "Intervenor's Mot. for S.J. Sustained" made on the trial docket constituted a judgment and that a later document setting out the sustainment of the motion for summary judgment in greater detail merely confirmed the docket entry. *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984), holds that failing a notation on the trial docket, a judgment is rendered when some written notation is made and filed in the records of the court, in that case a document entitled "Judgment," which was signed by the judge and filed with the court's clerk.

In the present case the trial court's December pronouncement, followed by the docket entry of that day, finally determined the rights of the parties and constituted the rendition of a decree. The signing and subsequent filing of the more formal statement of its decision the following January also constituted the rendition of a decree, for it, too, undertook to finally determine the rights of the parties, was signed by the judge, and was filed in the court's records. The difficulty is that, unlike the situation in *Sederstrom v. Wrehe, supra*, the second decree did not merely confirm the earlier one; the January decree in part confirmed but in part contradicted the decree rendered the preceding December by foreclosing upon land expressly exempted in the December decree.

Under such a circumstance the notice of appeal was timely with respect to that portion of the January decree which contradicted the December decree but untimely with respect to those portions of the January decree which confirmed the earlier decree. Thus, we have jurisdiction with respect to the McElhoses' first assignment of error, which deals with that portion of the second decree which contradicts the first decree, but not with respect to the second assignment of error, which deals with those portions of the first and second decrees which are consistent with each other.

The record does not support foreclosure upon the 80-acre parcel of land which the bank had previously released from the operation of its mortgage. To that extent the trial court's second decree is erroneous. Accordingly, the trial court is directed to modify its January decree so as to exclude from its operation the aforesaid 80-acre parcel of land and thereby conform its January decree to its previous decree.

We observe that the confusion presented by this case can be avoided if trial courts will, as they should, limit themselves to entering but one final determination of the rights of the parties in a case.

APPEAL DISMISSED AS TO FIRST DECREE.
AFFIRMED AS MODIFIED AS TO SECOND
DECREE.