STATE OF NEBRASKA, APPELLEE, v. HOMER RAY MCPHERSON, SR., APPELLANT.

510 N.W.2d 487

Filed July 20, 1993. No. A-92-244.

Gene C. Foote II for appellant.

Don Stenberg, Attorney General, J. Kirk Brown for appellee.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Homer Ray McPherson, Sr., appeals the order of the district court overruling his motion for postconviction relief. For the reasons recited below, we dismiss the case for lack of jurisdiction.

In order for this court to obtain jurisdiction, the notice of appeal must be filed in the appropriate district court within 30 days after the rendition of a judgment. Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992). The "[r]endition of a judgment is the act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, or one made at the direction of the court or judge thereof, of the relief granted or denied in an action." Neb. Rev. Stat. § 25-1301(2) (Reissue 1989).

The Nebraska Supreme Court has held that the mere oral pronouncement of a judgment without an entry on the trial docket is not the rendition of a judgment or final order. *Fritch v. Fritch*, 191 Neb. 29, 213 N.W.2d 445 (1973). Furthermore, the issuance of a memorandum opinion or order by a judge

without the concurrent entry of a notation on the trial docket is insufficient to be considered a rendition of a judgment. *Valentine Production Credit Assn. v. Spencer Foods, Inc.*, 196 Neb. 119, 241 N.W.2d 541 (1976). However, the failure to make an entry on the trial docket may be corrected if the memorandum announcing the decision is signed and subsequently filed in the court record. *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991); *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 416 N.W.2d 216 (1987); *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986); *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 348 N.W.2d 130 (1984). In contrast, the entry in a judge's minutes stating that a motion for summary judgment was sustained is considered the rendition of a judgment, and the subsequent entry in the record of a memorandum opinion or order sustaining the summary judgment is merely a confirmation of the docket entry. *Sederstrom v. Wrehe*, 215 Neb. 429, 339 N.W.2d 74 (1983).

In the case at bar, the notice of appeal is file-dated February 19, 1992. A review of the remainder of the transcript, as originally filed, reveals that the trial judge issued a memorandum order which carries a file stamp date, by the district court, of March 20, 1992. The memorandum order states that the matter came on for hearing on January 8, 1992, and that the relief sought was denied. A copy of the trial docket sheet is not in the transcript as originally filed.

Neb. Ct. R. of Prac. 4A(1) (rev. 1992) places on the clerk of the court from which an appeal originates the duty to submit those documents referred to in subparts a, b, and c of the rule to the appellate court if the appellant filed a praecipe for a transcript which directed the clerk generally to prepare a transcript. Specifically, subpart b provides that the clerk shall include "[t]he judgment, decree, or final order sought to be reversed, vacated, or modified, and the lower court's memorandum opinion, if any." In the case at bar, McPherson filed a praecipe asking the clerk to "prepare the transcript." Pursuant to rule 4A(1)b, the Court of Appeals received a supplemental transcript which provided the following entry in the trial docket dated January 8, 1992: "1-8-92 Judge Sprague: [Defendant] appeared with counsel, Gene Foote[.] Argument

presented on [defendant's] motion. Motion for postconviction relief overruled."

This entry confirms that the judgment on the motion was rendered on January 8, 1992. See § 25-1301(2). McPherson's time for appeal expired February 7, 1992. McPherson's appeal was filed February 19, 1992, and is untimely. Therefore, this court lacks jurisdiction to reach the merits of the case, which is dismissed.

APPEAL DISMISSED.