STATE FURNITURE COMPANY, APPELLANT, v. MINERVA ABRAMS ET AL., APPELLEES.

19 N. W. 2d 627.

FILED JULY 6, 1945. No. 31957.

*Walter L. Cropper, Carl Self,* and *Lloyd Crocker,* for appellant.

*Charles F. Davis,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, CHAPPELL, and WENKE, JJ.

WENKE, J.

The appellant, State Furniture Company, a corporation, brings this appeal from an order of the district court for Douglas county dismissing its petition .in error from the municipal court of the city of Omaha.

The record discloses that appellant, on September 22, 1944, brought this action in the municipal court of the city

of Omaha against Minerva Abrams, Dorothy Abrams and Zack Abrams. The purpose of the action was to recover a judgment against the defendants for the sum of $267.25. Summons was issued the same day and delivered to Fred Kauth, a constable. His return thereon is as follows: "Received this writ on the 22nd day of September, 1944. I hereby certify that on the 23rd day of September, 1944, I served the within summons on the within named defendant, Minerva Abrams and Dorothy Abrams, by leaving at 2316 No. 25th St., their usual place of residence, a true and certified copy of this writ with all endorsements thereon for each of them. I also on the same day served the within named Zack Abrams, by delivering personally to him a true and duly certified copy thereof with all endorsements thereon, all done in the City of Omaha, Douglas County, Nebraska."

On September 29, 1944, appellant took default judgment against all of the defendants. On October 23, 1944, a special appearance of the defendant and appellee, Dorothy Abrams, was sustained and the judgment against her set aside and the garnishment proceedings being conducted against the Glenn L. Martin Nebraska Company released.

On October 30, 1944, appellant filed a motion to set aside the order of October 23, 1944, and correct the constable's return. In support thereof it filed the affidavit of Fred Kauth, the constable, setting forth in part as follows: " * * * that he received the summons filed herein on the 22nd day of September, 1944, and certified that he served the same on September 23, 1944 as follows: 'I served the within summons on the within named Minerva Abrams, Dorothy Abrams, leaving at 2316 North 25th Street, their usual place of residence, a true and certified copy of this writ with all the endorsements thereon for each of them. * * * '; that the affiant well remembers serving said summons and that the same was served upon Dorothy Abrams by handing to her sister a true and certified copy of the same at said defendant's usual place of residence, to-wit: 2310 North 25th Street, and not 2316 North 25th Street, in the City of Oma-

ha, County of Douglas, and State of Nebraska; * * * That the return on said summons was insofar as the Street number is concerned, a typographical error upon the part of this affiant in the making of his return, and that actual legal service was had upon said Defendant as aforesaid, at 2310 North 25th Street, Omaha, Douglas County, Nebraska, * * * ." Notice of hearing on this motion was given appellee. On November 9, 1944, the same was overruled.

On November 21, 1944, appellant filed its petition in error in the district court for Douglas county. On February 10, 1945, a judgment was entered in the district court dismissing the petition in error. It is from this judgment that the appellant appeals.

Two questions were presented to the district court by the petition in error and to this court by the appeal:

First, did the municipal court have the authority or power to set aside its default judgment?

Second, could the constable's erroneous return on the summons be corrected by amendment to show the service that he actually made and what was the effect of the return, as made, upon the jurisdiction of the court to enter the judgment?

Section 26-1,100, R. S. 1943, which applies to municipal courts of metropolitan and primary cities, provides as follows: "When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions: (1) That he pay the costs awarded against him; (2) that his motion be made within ten days after such judgment was entered; (3) that he notify in writing the opposite party, or his attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time thereof, if the party reside in the county, and if neither the plaintiff or his attorney be a resident of the county, by leaving a written notice thereof at the office of the clerk of the court ten days before the trial; *Provided, however,* that the time of trial shall not be more than twenty days after the rendition of the judgment."

From this statute it is plain that a motion to set aside a default judgment in the municipal court in cities of the metropolitan and primary class must be made within ten days from the entry of the judgment and in the manner provided by the statute. The appellee failed to proceed within the time and in the manner so provided. The court was therefore without authority or power to vacate or set aside its judgment. See *Lynch v. Powers,* 198 Ia. 1060, 200 N. W. 725, and *Merkel v. Hallagan,* 207 Ia. 153, 222 N. W. 393.

Appellee calls our attention to section 26-1,201, R. S. 1943, and by the provisions thereof contends that the provisions of sections 25-2001 to 25-2009, inclusive, are applicable. Section 26-1,201, R. S. 1943, is as follows: "All provisions of the district court code of civil procedure, and all other provisions of this article and relating to matters for which no specific provision has been made herein, shall govern and apply to actions in the municipal court." This contention is without merit for this statute expressly provides: " * * * relating to matters for which no specific provision has been made herein, * * * ." Here we have a specific statute on the subject matter.

The sheriff's return shows the service to have been made at 2316 North 25th street. The record discloses that service was actually made upon the appellee by leaving the summons at her usual place of residence at 2310 North 25th street. The constable made an error in his return.

That an amendment may be made to the return of a process or other writ to conform to the facts is well recognized in this jurisdiction. *O'Brien v. Gaslin,* 20 Neb. 347, 30 N. W. 274; *Shufeldt v. Barlass,* 33 Neb. 785, 51 N. W. 134; *Wittstruck v. Temple,* 58 Neb. 16, 78 N. W. 456; *Mudge v. Mudge,* 111 Neb. 403, 196 N. W. 706.

Although generally a judgment may be taken by default where it appears that the process has been duly served as by statute required, it is the fact of service rather than the proof of service that gives the court jurisdiction. As stated in 31 Am. Jur., sec. 514, p. 129: "Jurisdiction to enter a

judgment against a defaulting defendant rests upon the fact of service of process, and as a general rule, a judgment by default may be taken only where it appears that process has been duly served upon the defendant."

In *Mintle v. Sylvester*, 197 Ia. 424, 197 N. W. 305, where the service was other than as shown in the return, the court held as follows: "In the instant case, the return showed good service, by personal service on the defendant. On the face of the record, the court had jurisdiction of the person of the defendant, and, in default of an appearance, on the record as it then stood, properly entered a default and decree. It is now made to appear, not that there was no service on the defendant, but that the service was not as recited in the return, and was substituted service, such as is provided for by Section 3518 of the Code. Since it is the fact of service upon which the jurisdiction of the court depends, this service did, in fact, confer personal jurisdiction of the defendant therein, and empowered the court to enter default and judgment." As stated in *Wheat v. McNeill*, 111 Cal. App. 72, 295 Pac. 102: " * * * the affidavit of service, though admitted to be erroneous as to the place of service, nevertheless showed the fact of service, and it was this fact that gave the trial court jurisdiction, * * * ." "A default judgment entered upon false proof of service cannot be set aside for want of jurisdiction, where it appears that there was a further valid service of process, although no proof thereof was made before judgment; * * * ." *McHugh v. Conner*, 68 Wash. 229, 122 Pac. 1018. And in *Schmidt v. Stolowski*, 126 Wis. 55, 105 N. W. 44, where the proof of service on the return was defective the court, in discussing jurisdiction, stated as follows: "The distinction between the fact of service, which is essential to jurisdiction, and proof of the fact of service, as the evidence of jurisdiction, has at times been lost sight of. If service of the summons in a case is, in fact, made on the defendants, that gives the court jurisdiction to render a valid judgment, so far as the service of process is concerned, though the evidence of record, constituting the proof of service, may fail in essential

particulars to establish that such service was in fact made. In cases where service was in fact had, the court has jurisdiction, and may after judgment permit an amendment of the record to supply omissions necessary to show that the service was in fact made." See, also, *Marin v. Titus*, 23 S. D. 553, 122 N. W. 596; *Cunningham v. Spokane Hydraulic Mining Co.*, 20 Wash. 450, 55 Pac. 756.

The return showed service upon the appellee at her usual place of residence at 2316 North 25th street. On the face of the record the court had jurisdiction of the person of the defendant and, in default of her appearance, properly entered a default judgment. It is now made to appear that the service was not as recited in the return to the summons but at her usual place of residence at 2310 North 25th street. Since it is the fact of service upon which the jurisdiction of the court depends this service did, in fact, confer jurisdiction of the court upon the person of the appellee and empowered it to enter the default judgment.

We are of the opinion that the facts show good service of the summons on the appellee and that the judgment entered is not void; that the appellant should have been permitted to amend the constable's return to conform to the service actually made; that the municipal court, under the provisions of the statute, was without authority to vacate or set aside its judgment; and that the district court should not have dismissed the petition in error but should have sustained it and granted relief in accordance with its prayer.

It is therefore ordered that the judgment of the district court is reversed and that judgment be entered in accordance herewith.

REVERSED, WITH DIRECTIONS.