MASON STEINBERG, APPELLEE, V. JERRY STAHLNECKER, APPELLANT.

263 N. W. 2d 861

Filed March 29, 1978. No. 41379.

David L. Herzog and William T. Weisbecker, for appellant.

No appearance for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCown, Brodkey, and White, JJ., and Kuns, Retired District Judge.

Spencer, J.

Judgment was entered against the defendant, Jerry Stahlnecker, by default in the Omaha municipal court. When his motion to set aside the default was denied, Stahlnecker appealed to the District Court, which found for the plaintiff, Mason Steinberg, and dismissed the appeal. Defendant appealed to this court. We affirm.

Plaintiff filed a claim in small claims court for $471.25, alleging that defendant on August 28, 1975, "Borrowed my 1973 T-Bird and destroyed the engine. He told me on Aug. 29, 1975 that he would take care of fixing the engine, and now Mr. Stahlnecker refuses to pay for the full repair and reinstallation of the engine, including the cost of towing." Thereafter the defendant filed a request for removal of the case from the small claims court to the regular docket of the municipal court. On January 2, 1976, defendant filed an answer denying generally and demanding strict proof.

Trial was set for April 9, 1976, but was continued to June 14, 1976. Stahlnecker did not appear on June 14, and a default judgment was entered against him. On June 15, 1976, he appeared with counsel and moved to set aside the judgment entered the previous day. The presiding judge refused to vacate the default judgment unless plaintiff would agree to its vacation. Plaintiff refused and defendant appealed to the District Court which dismissed the appeal.

Our law is well settled. Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits. Beren Corp. v. Spader, 198

Neb. 677, 255 N. W. 2d 247 (1977). The difficulty in the present case is that while the defendant moved promptly, he did not submit an answer or other proof disclosing a meritorious defense.

As suggested above, defendant had previously filed a general denial, requesting strict proof of plaintiff's claim. No answer was tendered with the motion to set aside the default. The affidavit of defendant's attorney, so far as material herein, states: "that the Defendant possesses a good and sufficient defense to the claim and suit of the Plaintiff; * * *." This is nothing more than a cursory statement on the part of the defendant's counsel.

In Beren Corp. v. Spader, *supra,* we said: "A meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts."

The matter of the vacation of a default judgment rests in the sound discretion of the trial court but this discretion is not an arbitrary one and it must be exercised reasonably. A party seeking to vacate a default judgment must tender an answer or other proof disclosing a meritorious defense. Such party is not required to show that he will ultimately prevail in the action but only that he has a defense which is recognized by the law and is not frivolous.

On the record, our inquiry is limited to whether or not the trial judge abused his discretion in refusing to set aside the default judgment. In the absence of an answer disclosing a meritorious defense, we cannot say that he did. On the record, the judgment must be affirmed.

Judgment affirmed.

AFFIRMED.