CREDIT BUREAU OF HASTINGS, INC., A CORPORATION, APPELLEE, V. DUANE GEORGE AND MARGIE GEORGE, APPELLANTS.

278 N. W. 2d 608

Filed May 8, 1979.   No. 42181.

Les Seiler, for appellants.

Michael E. Sullivan of Helmann & Sullivan, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and WINDRUM, District Judge.

WINDRUM, District Judge.

Smitty's Enterprises, Inc., performed services for the defendants, Duane and Margie George. There was a disagreement concerning the service. The account was assigned by Smitty's Enterprises, Inc., to Credit Bureau of Hastings, Inc., a corporation, hereinafter called plaintiff.

Suit was commenced by plaintiff on January 5, 1977, in the county court of Adams County. On that date, the Georges left for their winter vacation and did not return until the 25th of February 1977. Defendants were served by the sheriff having left a copy of the summons for each at their usual place of

residence. A default judgment was entered against the defendants and in favor of plaintiff on January 28, 1977. On March 2, 1977, defendants filed a motion to set aside the judgment and requested 10 days to further plead. The county court overruled the motion. The defendants appealed to the District Court for Adams County, Nebraska. The District Court sustained the judgment of the county court.

Defendants, in their motion to set aside the judgment of January 28, 1977, gave the following reason: "* * * for reason that the service of summons was not properly served upon the defendants; that defendants were absent from the State of Nebraska from January 5, 1977 to February 25, 1977; that both the assignee and assignor had knowledge that said defendants were absent from the State of Nebraska during the period of time this action was filed and judgment taken."

No answer or other proof was produced indicating that the defendants had a meritorious defense. An affidavit of Duane George was filed stating that they were out of the State of Nebraska from January 5, 1977, to February 25, 1977; that at no time during this time were they present in the State of Nebraska; and that he, the affiant, believed the plaintiff knew the defendants were gone from the jurisdiction at the time of the alleged service in the matter. The copies of the summons were duly served by leaving at the usual place of residence. The house of the defendants was being observed by a neighbor. The neighbor lady brought the summons from the front door of the residence of the defendants into the house, but did not communicate with the defendants concerning the same.

If defendants maintained the service of summons was not properly served, they have abandoned such argument.

Section 24-537, R. S. Supp., 1976, reads as follows: "When judgment shall have been rendered against a

defendant in his absence, the same may be set aside upon the following conditions: (1) That he pay the costs awarded against him; (2) that his motion be made within thirty days after such judgment was entered; (3) that he notify in writing the opposite party, or his attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time thereof, if the party reside in the county, and if neither the plaintiff nor his attorney be a resident of the county, by leaving a written notice thereof at the office of the clerk of the court ten days before the trial; *Provided*, that the time of trial shall not be more than forty days after the rendition of the judgment."

Defendants in no way complied with any of the conditions above stated. If defendants rely on any theory of fraud, there is no proof of the same.

Section 24-537, R. S. Supp., 1976, is not new. Immediately prior to 1976, a very similar statute, then being section 26-1,100, R. R. S. 1943, set forth the procedure to open or set aside default judgments in courts in metropolitan and primary cities. Our court, in State Furniture Co. v. Abrams, 146 Neb. 342, 19 N. W. 2d 627 (1945), held that section 26-1,100, R. R. S. 1943, was exclusive and that the municipal court had no jurisdiction to set aside any default judgment unless the provisions as therein set forth were followed.

The rationale in State Furniture Co. v. Abrams, *supra*, is applicable here. Section 24-537, R. S. Supp., 1976, sets forth the exclusive method and a party must follow same to have a default judgment reopened or set aside in the county court.

Since the above is controlling, there is no reason to discuss the holding of Steinberg v. Stahlnecker, 200 Neb. 466, 263 N. W. 2d 861 (1978), or Beren Corp. v. Spader, 198 Neb. 677, 255 N. W. 2d 247 (1977).

Defendants also maintained that even though the court had jurisdiction over them, and even though

they were each given notice of the action by copies of the service of summons being left at their principal place of residence, the judgment against them was void as they were denied all opportunity to be heard. They cite Board of Trustees of York College v. Cheney, 160 Neb. 631, 71 N. W. 2d 195 (1955). A perusal of that case indicates that it has no application here. To hold otherwise would in effect negate service of process by leaving the same at the usual place of residence.

The judgment of the District Court is affirmed. Plaintiff is awarded $65.90 attorney's fees for services in this court, to be paid by defendants as provided by section 25-1801, R. R. S. 1943, taxed as costs.

AFFIRMED.