ANDERSON MARKETING ASSOCIATES, INC., A
CORPORATION, APPELLEE, v. JOHN ROBERTS, DOING
BUSINESS AS ROBERTS PLUMBING AND HEATING,
DEFENDANT AND THIRD-PARTY PLAINTIFF, APPELLANT,
KEITH SCHWARZ, DOING BUSINESS AS CENTRAL VAC
INTERNATIONAL, THIRD-PARTY DEFENDANT, APPELLEE.
340 N.W.2d 384

Filed November 18, 1983. No. 82-639.

McKelvie & McNally Law Offices, for appellant.

Person, Dier & Person, for appellee Schwarz.

WHITE and CAPORALE, JJ., and BRODKEY, J., Retired, and BLUE, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from the judgment of the District Court for Harlan County, Nebraska, which affirmed an order of the county court setting aside a default judgment entered in favor of the third-party plaintiff, John Roberts, doing business as Roberts Plumbing and Heating, against Keith Schwarz, doing business as Central Vac International, third-party defendant. Two assignments are urged here. First, that the county court erred in finding that the provisions of Neb. Rev. Stat. § 24-537 (Reissue 1979) provide that upon compliance with the requirements therein set forth the court is required to automatically set aside a default judgment. The second error urged is that, assuming the provisions of the above section do not automatically require the court to set aside a default judgment, the county court abused its discretion in setting aside the default judgment. A discussion of the facts is necessary for an understanding of this case.

On July 3, 1979, Anderson Marketing Associates, Inc., a corporation, the original plaintiff in this action, filed a suit in the county court of Harlan County, Nebraska, on a promissory note. On December 7, 1979, the defendant and third-party plaintiff, John Roberts, filed an answer to the petition and a motion to file a third-party action against Keith Schwarz. The motion was set for hearing on December 20, 1979, and was granted on December 27,

1979. The third-party petition, filed as an exhibit with the motion, alleged that the proceeds of the note sued on by Anderson Marketing Associates, Inc., were used to buy a certain quantity of central vacuum machines which Roberts alleged did not perform according to an express warranty and did not satisfy the implied warranty of merchantability. The first appearance of the third-party defendant, appellee herein, was by special appearance on March 10, 1980. The order overruling the special appearance was filed on March 31, 1980, and Schwarz was ordered to answer or otherwise plead to the petition filed by the third-party plaintiff, Roberts. No time was specified for compliance in the court's order. The next filing was on September 18, 1980, nearly 6 months after the entry of the order overruling the special appearance. On that date Schwarz, by his counsel, filed a motion to make more definite and certain. The motion was noted for hearing on October 24, 1980, and again on November 7, 1980; it was overruled on that latter date. Neither party took any further action on this matter until July 23, 1981, when the third-party plaintiff, John Roberts, filed a motion for default judgment. The motion for default judgment was noticed for hearing on August 6, 1981; a copy was mailed to the third-party defendant, Schwarz, and another copy hand-delivered to third-party defendant's counsel. There was no response or appearance filed, and the court entered a default judgment on August 11, 1981. The motion to set aside the default judgment was filed by Schwarz' counsel that same day. This motion did not comply with § 24-537, in that it did not tender costs. At a hearing the trial court suggested that the third-party defendant file a new motion. On August 21, 1981, a new motion to set aside the default judgment was filed, which tendered costs. On that same day the default judgment was set aside by the county court.

At the hearing on the first motion to set aside the

default judgment, statements and representations by the two counsel were made to the court. The statement of counsel for the third-party defendant, insofar as it relates to the default, is as follows: "MR. HROUDA: . . . The history of this case, it relates back to December 7th, 1979, when a third party petition was filed by the defendant, John Roberts. On March 10th, 1980, Keith Schwarz filed a special appearance and said special appearance was overruled on March 27th, 1980. After that Keith Schwarz again filed a motion to make more definite and certain on September 18th, 1980, and said motion was overruled by this Court on November 7th, 1980. There was no further action then for an extensive period of time taken on this case and there arose in our office, once we became aware that a default judgment was going to be rendered, that there was a concern whether or not we were still representing Keith Schwarz as we had no contact with him during this period of time; therefore, we contacted Keith Schwarz and asked him if he would retain us, and he did not reply to us until July 27, 1981. At that time, we were employed by him to represent him and the fact of the default judgment was then presented to us at that time; however, because of a mistake, I guess, on our firm's part, and the fact that our senior partner, John Person was leaving on a vacation, and we had other legal work, that the default hearing notice was lost in our office and we couldn't find — and wasn't brought to our attention 'til after August 6th, 1981, and that, I guess, myself and my secretary failed to note the time of the default in which we should have — planning to file a demur [sic] or an answer in this case. Therefore, it is our contention that this failure to make an appearance on August 6th, 1981, was not intentional, but was simply a result of an accident and a mistake and that the notice was lost and that the time for the hearing was not noted on my calendar and because of other serious press of legal matters in getting

ready for my senior partner's vacation so there was a simple mistake. It is our contention that Keith Schwarz does have a good and meritorious defense to the cause of action."

The testimony of the counsel for Schwarz was essentially uncontradicted, except for the statement of Roberts' counsel that at the time the notice of the default was hand-delivered to the office of Schwarz' counsel, his attorney indicated that they no longer represented Mr. Schwarz, although admittedly they had entered their appearance in that action more than 1 year previously. Counsel also noted that the court proceedings did not indicate any motion for leave to withdraw filed or granted by the court.

The first assignment of error is easily disposed of. Section 24-537 recites in pertinent part: "When judgment shall have been rendered against a defendant in his absence, the same *may be set aside upon the following conditions*: . . . ." (Emphasis supplied.) It is so elementary that it is beyond argument that the use of the word "may," when addressed to the powers of a court, does not command that on fulfillment of the condition the court absolutely be required to take that action; rather, the fair implication of the word is that the granting or taking of the suggested action is addressed to the sound discretion of the trial court.

We then pass to the more important of the issues involved, whether or not the trial court abused its discretion. In our most recent case involving the vacating of a default judgment, *Lincoln Welding Supply v. Inhalation Plastics*, 213 Neb. 862, 865, 331 N.W.2d 804, 806 (1983), we said, referring to *Vacca v. DeJardine*, 213 Neb. 736, 331 N.W.2d 516 (1983): "[T]he vacating of a default judgment rests in the sound discretion of the trial court, but such discretion is not an arbitrary one and must be exercised reasonably. We held therein that it was an abuse of discretion to grant a default judgment in the absence of a prior order to show cause why such should

not be done because of the failure to serve answers to certain discovery requests. We also held it was an abuse of discretion to set aside a default judgment where no answer had ever been filed, because a party seeking to vacate a default judgment must tender an answer or other proof disclosing a meritorious defense." The record in the instant case discloses no evidence of a meritorious defense offered by Schwarz at the time the motion was filed. In fact, his answer was not filed until August 27, 1981, 6 days after the default judgment was set aside.

While it is the policy of the law to give a litigant full opportunity to present his contentions in court and to give relief for inadvertent or slight omissions, it is also the duty of the court to prevent abuse of process, unnecessary delay in the prosecution of actions, and to guard against the dilatory and frivolous proceeding. *Beren Corp. v. Spader*, 198 Neb. 677, 255 N.W.2d 247 (1977); *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970).

Between April 1, 1980, and August 11, 1981, the third-party defendant, through his counsel, did nothing in this action except file a motion to make more definite and certain, which was promptly heard and overruled. The absence of diligence is apparent. It may be said that perhaps the county court's reluctance or inability to set time frames for prompt pleadings may have contributed to the lethargy of counsel for Schwarz. The record on its face belies the due diligence. The only diligence exercised by counsel for Schwarz in this case was in filing a motion to set aside a default judgment, having, as it were, simply "spaced off" the notice for hearing on the motion to take a default judgment. Applicable here, although admittedly not in the same procedural context, is our recent opinion of *Wilson v. Bryan Memorial Hosp.*, ante p. 446, 338 N.W.2d 796 (1983), in which this court expressed its disapproval of unnecessary delays in the progression of cases in the trial courts. In that case we sustained the Dis-

trict Court's dismissal of an action involving unexplained delay in filing pleadings, much as we have in this case. Schwarz' counsel, in his effort to show good cause, supplies the court with information in respect to his activities after the default judgment was entered, but he totally fails to explain the 17 months of delay from the time he entered his appearance until the default judgment was entered, save and except for the filing of two insignificant motions obviously meant only to prolong the case. We find that delay not only unexplained, but find it difficult to imagine a rational explanation of a delay of 17 months in so minor a lawsuit. Counsel for the third-party plaintiff showed remarkable patience in allowing Schwarz' counsel to delay the matter, as did the court. This court's patience is not so easily assuaged. We hold, absent good cause shown, that it was an abuse of discretion for the trial court to set aside the default judgment entered after a 17-month period in which only one minor pleading, largely designed to precipitate delay, was filed.

Appellant's counsel asks for an allowance of an attorney fee, citing the decision in *Beliveau v. Goodrich,, supra*. In that case an allowance of an attorney fee was made on the court's finding that it was in the interest of justice that plaintiff receive an attorney fee in the appeal of a default judgment. That case does not indicate a common course of practice in allowance of attorney fees and has not been generally followed as a uniform course of procedure. We conclude that the allowance of an attorney fee is not appropriate in this case. *Holt County Co-op Assn. v. Corkle's, Inc.*, 214 Neb. 762, 336 N.W.2d 312 (1983).

The cause is reversed and remanded with directions to reinstate the judgment in favor of the third-party plaintiff, John Roberts, against Keith Schwarz, with costs and interest from the date of such judgment.

REVERSED AND REMANDED WITH DIRECTIONS.