IN RE CONSERVATORSHIP OF THE ESTATE OF ELIZABETH G.
MARTIN, A PROTECTED PERSON.
ELIZABETH G. MARTIN, A PROTECTED PERSON, APPELLANT, V.
DONALD L. ELLISON, CONSERVATOR, ET AL., APPELLEES.
421 N.W.2d 463

Filed April 1, 1988.   No. 86-466.

David L. Kimble of Souchek & Kimble, for appellant.

James M. Egr of Egr and Birkel, for appellee Ellison.

BOSLAUGH, CAPORALE, and GRANT, JJ., and RIST and CLARK,
D. JJ.

CLARK, D.J.

Donald L. Ellison, conservator for the estate of Elizabeth G.
Martin, a protected person, filed a motion for approval of
account and resignation as conservator with the county court
for Butler County. Elizabeth Martin, the protected person,
through her attorney, filed an answer and cross-petition against
Ellison and the bond surety company, alleging that Ellison had
negligently breached his duties as conservator and that the
estate of Martin had been damaged.

An evidentiary hearing was held in the county court,
following which the county court found that Ellison had
"exercised such care as a prudent man would exercise in dealing
with his own property . . . ." The county court then approved
Ellison's accounting and approved his resignation as
conservator.

The district court for Butler County found on appeal that

there was no error on the record and affirmed the county court.

Elizabeth Martin appeals the ruling of the district court on the grounds, among others, that the county court applied the wrong standard of care to the performance of Ellison as conservator and that this constituted error on the record, which should have resulted in reversal by the district court.

We review the case, as did the district court, for error on the record. See Neb. Rev. Stat. §§ 30-1601 and 24-541.06 (Reissue 1985).

Prior to 1975, Nebraska statutes defined the standard of care to be that "which men of prudence, discretion, and intelligence acquire or retain for their own account in the management of their own affairs, not in regard to speculation, but in making investment of their own funds with a view to probable income as well as probable safety of the capital involved." Neb. Rev. Stat. § 24-601 (Cum. Supp. 1974). Cf. § 24-601 (Reissue 1975).

With the adoption of the Uniform Probate Code, effective January 1, 1977, the new standard was set out in Neb. Rev. Stat. ch. 30 (Reissue 1985). Section 30-2646 provides: "In the exercise of his powers, a conservator is to act as a fiduciary and shall observe the standards of care applicable to trustees as described by section 30-2813."

Section 30-2813 provides that "the trustee shall observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another . . . ."

Further, the comments under § 30-2813, which were taken directly from the comments to the Uniform Probate Code, state:

> This is a new general provision designed to make clear the standard of skill expected from trustees . . . . It differs somewhat from the standard stated in § 174 of the Restatement of Trusts, Second, which is as follows:
>
> "The trustee is under a duty to the beneficiary in administering the trust to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property . . . ."
>
> By making the basic standard align to that observed by a prudent man in dealing with the property of another, the section accepts a standard as it has been articulated in

some decisions regarding the duty of a trustee concerning investments. See Estate of Cook, (Del. Chanc. 1934) 20 Del. Ch. 123, 171 A. 730. Also, the duty as described by the above section more clearly conveys the idea that a trustee must comply with an external, rather than with a personal, standard of care.

The case of *In re Estate of Wm. H. Cook, Dec'd.,* 20 Del. Ch. 123, 125-26, 171 A. 730, 731 (1934), referred to in the comments under § 30-2813, states:

> The rule of a trustee's duty is generally stated to be, that he is under a duty to the beneficiary in administering the trust to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property.
>
> When this rule which is applicable to a trustee's duty generally is given specific application to the matter of investments, it needs, for the purposes of the instant case, to be supplemented by at least two observations.
>
> The first is, that the external standard of "such care and skill as a man of ordinary prudence would exercise in dealing with his own property" is not the standard he would use in dealing with his own property if he had only himself to consider; his "duty rather is" (quoting Lindley, L. J., in the case of *Re Whiteley*, 33 Ch. Div. 347, 355) "to take such care as an ordinary prudent man would take if he were minded to make an investment for the benefit of other people for whom he felt morally bound to provide." In other words he must take no risks which would not be taken by an ordinarily prudent man who is trustee of another person's property.

The Supreme Court of New Hampshire, in following the rule set out in the *Cook* case, found that the trial court's finding that the trustee had exercised his best judgment and the care and skill which a man of ordinary prudence would exercise in dealing with his own property was too liberal. The New Hampshire court found that it was not sufficient that the trustee should use the care and skill of a man in investing his own property, but that there was the additional requirement that he should use the caution exercised by a prudent man in conserving the property.

> "In making investments the trustee is under a duty not

only to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property, but he must use the caution of one who has primarily in view the preservation of the estate entrusted to him, a caution which may be greater than that of a prudent man who is dealing with his own property."

*Miller v. Pender*, 93 N.H. 1, 3, 34 A.2d 663, 665 (1943) (quoting from 2 A. Scott, The Law of Trusts § 174 (1939)).

Not only must the trustee deal with trust property with ordinary prudence but he is held to two additional standards: (1) since he is dealing with the property of another for whom he is morally bound to provide, he must avoid even those risks which he might take with his own property and (2) he must take no risk which endangers the integrity of the trust corpus.

*DuPont v. Delaware Trust Company*, 320 A.2d 694, 697 (Del. 1974). See, also, *Wilmington Trust Co. vs. Coulter, et al.*, 41 Del. Ch. 548, 200 A.2d 441 (1964).

It is apparent that the Legislature, in adopting the Uniform Probate Code, set a different and higher standard of care for a conservator than had previously prevailed in Nebraska.

The order of the county court for Butler County reflects that this standard was not employed by the county court. This constitutes error on the record, which compels reversal. In view of this finding, it is not necessary to, and we do not, consider other grounds for reversal advanced by Martin in this appeal.

The cause is reversed and remanded to the district court for Butler County with directions to remand to the county court for further proceedings in conformance with this ruling.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.