IN RE ESTATE OF EDWARD J. ROLENC, ALSO KNOWN AS EDWARD J. ROLENC, SR., DECEASED.
EDWARD ROLENC ET AL., PERSONAL REPRESENTATIVES OF THE ESTATE OF EDWARD J. ROLENC, DECEASED, APPELLEES, V. MARY JO GABEL AND RITA HRUSKA, APPELLANTS.
585 N.W.2d 526
Filed October 27, 1998. No. A-97-544.

Richard K. Watts, of Mills, Watts & Reiter, for appellants.

Robert J. Bierbower for appellees.

SIEVERS and MUES, Judges, and HOWARD, District Judge, Retired.

MUES, Judge.

## INTRODUCTION

Mary Jo Gabel and Rita Hruska appeal the judgment of the Butler County Court denying their motion to set aside its order admitting the will of Edward J. Rolenc, also known as Edward J. Rolenc, Sr. (the decedent), to probate.

## BACKGROUND

On December 16, 1996, Edward Rolenc, Jean McGarry, and Bridget Wilson (hereinafter referred to as the proponents) filed a petition for formal probate of the will of the decedent. The proponents alleged that the decedent had died on December 10, that they were the nominated personal representatives, that no other personal representative had been appointed, and that to the best of their knowledge, they believed the will dated June 13, 1990, was validly executed. The petition further alleged that the will was either in the possession of the court or accompanied the petition. A copy of the will has not been included in our record.

A hearing on the petition was held January 9, 1997, at 11:30 a.m. At the hearing, the court inquired whether there were any objections to the admission of the will to probate. Gabel informed the court that she had not had an opportunity to review the will. She was given a copy of the will, and the court again inquired whether Gabel had any objections to it. Gabel asked

the court how long a time she had to contest the will. The court informed her, "Until 11:30 today." The court further stated that "[p]ublic notice was given on December 19th in the Banner Press that the petition for formal probate of the will was on file" and that "this will was on file with the court for review beginning on" that date.

Gabel informed the court that her attorney had called the previous day and requested a copy of the will be faxed to him and that he had again called that morning. The court explained that it was not ordinary practice to fax documents long distance but stated that a copy of the will had been faxed to Gabel's attorney at approximately 10 that morning. The court informed Gabel that it was going to grant the proponents' motion for formal probate of the will and stated that if Gabel had any objections, she would need to talk to her attorney and ask the court to set aside the order. The court recommended that it be done within the next 10 days.

On January 15, 1997, Gabel and Hruska (hereinafter referred to as the contestants) filed an objection to the petition for probate of the will, alleging that the will was not executed with the formalities required by Nebraska statutes, that the decedent did not have testamentary capacity at the time he executed the will, and that the will was the result of the undue influence of the proponents. As noted, a copy of the will has not been included in our record; however, according to an April 17 journal entry of the court, the contestants are daughters of the decedent and were expressly disinherited.

A hearing on the contestants' "objection" was held on March 6, 1997. At the hearing, counsel for the contestants requested that the objection be treated as a motion to set aside the order. Counsel explained that the contestants had misunderstood the court and were under the impression that they had 10 days to object to the petition for formal probate. The court took the matter under advisement and ultimately granted counsel's request, and hereafter we will treat the objection as a motion to vacate. In the court's order, filed March 18, the court noted:

> Neb. Rev.Stat. §30-2437 provides: "[f]or good cause shown, an order in a formal testacy proceeding may be modified or vacated within the time allowed for appeal."

The Objections filed by Contestants do not provide the court with any information from which the court could conclude that good cause exists.

The court gave the contestants until March 31 "to provide a statement of good cause in support of the motion" and scheduled a hearing for April 10.

On March 31, 1997, the contestants filed a "Statement of Good Cause." The statement was sworn to by Gabel. In it, she averred that on December 24, 1996, counsel for the proponents mailed her a notice that the petition for formal probate had been filed and a hearing had been set; that Gabel did not receive said notice until December 27; and that Gabel was entertaining relatives until January 2, 1997. Gabel further averred that between the time of the decedent's death, December 10, 1996, and the holiday season, she had a "significant outbreak" of "shingles," which prevented her from leaving the house and operating a motor vehicle. Gabel stated that she had "reason to believe, based upon facts known to her, that the will offered for probate" was objectionable because it was not executed with the formalities required by Nebraska statutes, the decedent lacked testamentary capacity at the time he executed the will, and the will was the result of undue influence exercised upon the decedent by the proponents.

A hearing was held April 10, 1997. No evidence was offered at the hearing, and counsel for the contestants stated that he "would . . . submit [the matter] based upon the statement of good cause that's been filed with the Court." In a journal entry filed April 17, the court denied the motion, stating:

The court concludes that the summary allegations of counsel in support of the motion to vacate do not constitute a demonstration of a meritorious objection. The court further concludes that no issues of law exist with respect to the execution of the Will, and that no facts were presented from which the court can conclude that a meritorious factual issue exists with respect to the execution of the Will. The motion to vacate is therefore denied.

The contestants have timely appealed.

## ASSIGNMENTS OF ERROR

The contestants allege, restated, that the county court erred in finding that they had failed to show good cause why the order admitting the decedent's will to probate should be vacated.

## STANDARD OF REVIEW

■ Appeals of matters arising under the Nebraska Probate Code, Neb. Rev. Stat. §§ 30-2201 through 30-2902 (Reissue 1995 & Cum. Supp. 1996), are reviewed for error on the record. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996); *In re Conservatorship of Estate of Martin*, 228 Neb. 103, 421 N.W.2d 463 (1988). When reviewing an order for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Law Offices of Ronald J. Palagi v. Dolan*, 251 Neb. 457, 558 N.W.2d 303 (1997). On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *In re Guardianship of Zyla, supra.*

## DISCUSSION

The county court determined that the will was in substantial conformity with the provisions of § 30-2329, which sets forth the requirements for execution of a self-proved will. The court concluded that "in order for the Contestants to prevail on their motion, they must demonstrate, by affidavit or evidence produced at the hearing, facts sufficient to warrant further hearing on their claims of undue influence and lack of capacity." Because the contestants offered no such evidence, the court found that the contestants had failed to show good cause why its order admitting the decedent's will to probate should be set aside.

■ Section 30-2437 provides that for good cause shown, an order in a formal testacy proceeding may be modified or vacated within the time allowed for appeal. In *DeVries v. Rix*, 203 Neb. 392, 279 N.W.2d 89 (1979), the Nebraska Supreme Court discussed the meaning of "good cause" in the context of § 30-2437. The court, analogizing the good cause requirement of § 30-2437 with the good cause requirement necessary to vacate a default judgment, stated:

> [T]he situation that existed here was no different than where default judgment is entered and a timely application . . . to vacate is filed together with a tendered defense — lack of testamentary capacity and undue influence — which, if true, would require the vacation of the decree admitting the will to probate. As stated in Steinberg v. Stahlnecker, 200 Neb. 466, 263 N. W. 2d 861 (1978) . . . "Our law is well settled. Where a judgment has been entered by default and a prompt application has been made at the same term to set it aside, with the tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable grounds sustain the motion and permit the cause to be heard on the merits."

*DeVries v. Rix*, 203 Neb. at 401-02, 279 N.W.2d at 94-95.

" 'A meritorious or substantial defense or cause means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts.' " *Steinberg v. Stahlnecker*, 200 Neb. 466, 468, 263 N.W.2d 861, 862-63 (1978).

■ "[G]ood cause as used within the provisions of section 30-2437 . . . means a logical reason or legal ground, based on fact or law, why an order should be modified or vacated." *DeVries v. Rix*, 203 Neb. at 403-04, 279 N.W.2d at 95.

■ In *In re Estate of Christensen,* 221 Neb. 872, 381 N.W.2d 163 (1986), the Nebraska Supreme Court further expounded upon the meaning of good cause and adopted three criteria to be considered in determining whether to grant a motion to set aside an order admitting a will to probate: A court should consider whether neglect is excusable, whether a movant has alleged a meritorious objection to admission of a will to probate, and whether prejudice results from setting aside the probate order.

Quoting *Craig v. Rider*, 651 P.2d 397 (Colo. 1982), the Nebraska Supreme Court observed:

> "[A] rule of liberality is to be applied in evaluating promptly filed motions to set aside default judgments, and particularly orders of probate. We conclude that the burden of inquiry and promptness of decision that the trial court considered necessary do not comport with the excusable neglect standard, especially when considered in the light of the rule of liberality appropriate here. . . ."

*In re Estate of Christensen*, 221 Neb. at 876, 381 N.W.2d at 165.

It seems apparent that the county court's denial of the motion here was based on the contestants' failure to sufficiently demonstrate a meritorious objection. Timeliness of the motion was certainly not an issue, and no suggestion is made by the court that failure to file an objection earlier was inexcusable or prejudiced the proponents, the other two prongs of the criteria of *In re Estate of Christensen*. Without detailing the evidence, suffice it to say that we believe that the failure to file the objection on or before January 9, 1997, was excusable and that granting the motion would not unduly prejudice the proponents. Obviously, any interruption in the probate process would not be viewed as beneficial by the proponents, but the law clearly allows will contests and that alone cannot be viewed as prejudicial under *In re Estate of Christensen*.

Turning now to the meritorious objection prong, we note that the county court's decision was premised in large part upon the failure to adduce evidence. As stated, it was the county court's view that to prevail on the motion to vacate, the contestants must demonstrate "by affidavit or evidence produced at hearing" facts to warrant further hearing on their claims. We believe the trial court placed too heavy a burden on the contestants. We do not read Nebraska law to require the offer of evidence as a precondition to the grant of such a motion. *DeVries v. Rix*, 203 Neb. 392, 401, 279 N.W.2d 89, 94 (1979), speaks of a "timely application . . . with a *tendered* defense" (emphasis supplied), and *In re Estate of Christensen* talks of "allegations" of a meritorious objection.

While the offer of evidence in some form may be the preferred method to persuade a court to vacate its order under § 30-2437, it is not an absolute necessity. A successful motion to vacate grants the moving party an *opportunity* to prove the merits of his or her allegations. See *DeVries v. Rix, supra*. It would be nonsensical to require the movant to fully *prove* those allegations as a condition to a grant of such motion.

The contestants argue that evidence was offered through the statement of good cause. They are incorrect. The April 10, 1997, hearing was conducted telephonically, with the judge and

the contestants' attorney participating via telephone conference. This procedure apparently occurred without objection by any of the parties. The statement of good cause was not marked as an exhibit and offered into evidence, although the contestants' attorney did state the motion was being submitted "based upon" the statement. Therefore, the statement cannot be considered as evidence on this appeal. See *State v. Williams*, 253 Neb. 111, 568 N.W.2d 246 (1997). Nevertheless, we see nothing to preclude consideration of the statement, as well as the original objection, as the contestants' "tender" of their objections or as their "allegation" of a defense to probate.

The proponents strongly urge that the decision of the trial court was correct because the motion and the statement of good cause were not factually specific but merely conclusory as to the alleged undue influence and lack of testamentary capacity. The proponents rely on the Colorado case *Craig v. Rider*, 651 P.2d 397 (Colo. 1982), quoted extensively by the Nebraska Supreme Court in *In re Estate of Christensen*. The Colorado Supreme Court in *Craig* stated:

> A movant must support a claim of meritorious defense by averments of fact, not simply legal conclusions. [Citations omitted.] The factual allegations must be set forth with sufficient fullness and particularity to show that a defense is "substantial, not technical; meritorious, not frivolous; and that [it] may change the result upon trial . . . ."

651 P.2d at 403.

The proponents further contend that Gabel's statement lacks the "fullness and particularity" to show that the defenses asserted are substantial and not frivolous. Brief for appellees at 11. They point to the case *Steinberg v. Stahlnecker*, 200 Neb. 466, 263 N.W.2d 861 (1978), where the denial of a motion to set aside a default judgment was affirmed. The Nebraska Supreme Court held that the statement of the defendant's attorney to the effect that the defendant had a " 'good and sufficient defense to the claim,' " *id.* at 468, 263 N.W.2d at 862, was not sufficient, alone, to merit setting aside the default.

It is true that the motion and Gabel's statement fail to state the factual basis for the conclusions that "based upon facts known to her," the will was executed without testamentary

capacity and was the result of undue influence by the proponents. We are mindful that the court in *In re Estate of Christensen*, 221 Neb. 872, 381 N.W.2d 163 (1986), did not expressly rely on the above language from *Craig* in resolving that appeal, but our Supreme Court was not addressing the merits of the objection as we are in the present case. And the allegations in the instant matter are more particular than those in *Steinberg*, but the lack of any factual allegation to support the absence of testamentary capacity and the presence of undue influence is similar to the attorney's conclusory statements in *Steinberg*, which were deemed insufficient to merit the setting aside of a default.

The contestants argue that it is unreasonable to expect that the full facts surrounding the decedent's execution of his will could be garnered and tendered so quickly after decedent's death. We do not totally disagree. But we recall that there was some opportunity between the filing of the motion to vacate on January 15, 1997, and the final hearing on April 10 to buttress the conclusions with factual support. As stated, good faith *allegations* are sufficient. And in other contexts, full-blown discovery is seldom completed before necessary allegations must be presented. In any event, the contestants sought no additional time to supplement the time given them by the trial court in its March 18 order. In this order, the trial court forewarned that the allegations of the contestants' initial pleading were not sufficient to make their showing of good cause. The subsequently filed statement of good cause and the hearing of April 10 failed to illuminate further the merit of the asserted defenses.

We note that the quoted language from *Craig* has a certain familiarity—it is reminiscent of the rules of this state associated with formal pleadings. See *McCurry v. School Dist. of Valley*, 242 Neb. 504, 496 N.W.2d 433 (1993) (proper pleading requires petition to state in logical and legal form facts which constitute cause of action, define issues to which defendant must respond at trial, and inform court of real matter in dispute). It is the facts well pleaded, not the theory of recovery or legal conclusions, which state a cause of action. *Id.*

But we need not graft formal pleading rules or the language of *Craig* onto the meritorious objection branch of good

cause under § 30-2437 to resolve this appeal. It is sufficient for our purpose simply to say that a movant must support a claim of meritorious objection or defense by good faith averment of facts, not simply legal conclusions. That is a reasonable burden, given that the task of the trial court is to evaluate whether the objection has sufficient merit to justify reopening an issue already resolved—the will's admission to probate—thus subjecting the estate to potentially protracted estate litigation.

A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *State v. Krutilek*, 254 Neb. 11, 573 N.W.2d 771 (1998). Denying the contestants' motion to vacate based on bare, conclusory statements cannot be viewed as untenable and as unfairly depriving them of a substantial right and denying a just result. The trial court did not abuse its discretion by refusing to vacate its order when it was provided neither with particulars surrounding the decedent's alleged lack of testamentary capacity nor with the circumstances upon which the claim of undue influence was predicated. Accordingly, we affirm the order of the county court denying the contestants' motion to set aside the order admitting the will to probate.

AFFIRMED.