IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

VAUGHN V. MAACO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STACY VAUGHN, APPELLEE,

V.

MAACO, DOING BUSINESS AS RODIS, INC., AND JOHN RODIS, SR., APPELLANTS.

Filed December 27, 2016.    No. A-15-901.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

Jeff T. Courtney, P.C., L.L.O., for appellants.

Benjamin E. Maxell, of Katskee, Suing & Maxell, P.C., L.L.O., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

INTRODUCTION

The county court for Douglas County sustained Stacy Vaughn's motion for default judgment against MAACO, doing business as Rodis, Inc., and John Rodis, Sr. (collectively Appellants). Appellants filed a motion to set aside default judgment which was denied by the county court. On appeal, the district court for Douglas County affirmed the order of the county court. For the reasons that follow, we affirm.

BACKGROUND

On February 5, 2015, Vaughn filed a claim in the small claims court for Douglas County. The complaint alleged that following an automobile accident, Vaughn hired Appellants' business to repair damage sustained to her vehicle. She asserted that the repairs actually performed on her

- 1 -

vehicle were unacceptable and her concerns about the work were not properly addressed or remedied by the auto body repair shop. Vaughn sought damages in the amount of $3,190.32.

On February 24, 2015, Appellants filed a notice that this claim would be transferred from the small claims division to the Douglas County Court. Appellants were ordered to file a written answer to Vaughn's complaint by March 26.

On March 27, 2015, Vaughn filed a motion for default judgment, alleging that appellants failed to "appear or otherwise plead to the petition" and were therefore in default. The county court entered an order of default judgment on the same day.

Appellants filed a motion to set aside in the county court on April 6, 2014. The motion alleged that "Through inadvertence or mistake of person(s) unknown, there is no record with the Court's clerk's office that an answer was filed on behalf of the Defendant." The motion also alleged "John Rodis is not an appropriate party in this matter because the contracting parties were the Plaintiff and Rodis, Inc. d/b/a Maaco Auto Painting & Body Works." A hearing on Appellants' motion was held on May 7, 2015 and the motion was overruled. Appellants timely appealed to the district court.

On August 27, 2015, the district court entered an order finding no error or abuse of discretion, and affirmed the judgment of the county court on behalf of Vaughn.

ASSIGNMENTS OF ERROR

Appellants assert the county court erred in denying the motion to set aside default judgment, and the district court erred in affirming the order of the county court.

STANDARD OF REVIEW

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 835 N.W.2d 44 (2013).

A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

ANALYSIS

Appellants assert that the motion to set aside default judgment, filed April 6, 2015, presented a meritorious defense by alleging that John Rodis, a named defendant, was not a proper party to the case.

The Nebraska Supreme Court has held that when the court has entered a default judgment and the defendant has made a prompt application at the same term to set it aside, with tender of an answer or other proof disclosing a meritorious defense, the court should on reasonable terms sustain the motion and permit the cause to be heard on the merits. *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004). When determining whether to set aside a default judgment, two competing interests must be considered: the right of a litigant to defend the action on the merits and judicial efficiency. *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015).

The Nebraska Supreme Court has also recognized that while it is the policy of the law to give a litigant an opportunity to present his contention in court and to give relief against slight and technical omissions, it is the duty of the courts to prevent an abuse of process, unnecessary delays, and dilatory and frivolous proceedings in the administration of justice. *Miller v. Steichen, supra; Steinberg v. Stahlnecker,* 200 Neb. 466, 263 N.W.2d 861 (1978).

The record shows that a default judgment was entered on March 27, 2015, and appellants filed the motion to set aside default judgment on April 6, 2015. The record shows appellants acted promptly after the entry of the default judgment.

We now consider whether appellants tendered an answer or other sufficient proof disclosing a meritorious defense, which would permit the court to sustain the motion to vacate and allow the cause to be heard on the merits.

Appellants alleged that "Through inadvertence or mistake of person(s) unknown, there is no record with the Court's clerk's office that an answer was filed on behalf of the Defendant." Appellant's motion also asserts that "A copy of Defendant's proposed Answer is attached hereto, marked Exhibit "A", and incorporated herein by this reference." As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors. *Burcham v. Burcham*, 24 Neb. App. 323, 886 N.W.2d 536 (2016). Our record contains no evidence that an answer was filed in the initial action, and no such exhibit is included in our record. Therefore, we must proceed as though no answer was filed or provided to the court through the motion to set aside default judgment.

Although appellants did not specifically file an "answer," this does not necessarily defeat the motion to set aside default judgment. In situations involving a motion to set aside a default judgment, the Nebraska Supreme Court has stated that if a transcript shows that a defendant has a meritorious defense, an answer is "not an absolute requirement." *Urwin v. Dickerson,* 185 Neb. 86, 173 N.W.2d 874 (1970). In the context of a motion to vacate a default judgment, a meritorious or substantial defense means one which is worthy of judicial inquiry because it raises a question of law deserving some investigation and discussion or a real controversy as to the essential facts. *Steinberg v. Stahlnecker*, 200 Neb. 466, 263 N.W.2d 861 (1978).

In *Steinberg v. Stahlnecker, supra*, the Nebraska Supreme Court found a statement in an affidavit in support of a motion to set aside a default judgment that "the Defendant possesses a good and sufficient defense to the claim and suit of the plaintiff" was nothing more than a cursory statement by the defendant's attorney. The court in *Steinberg v. Stahlnecker* held its inquiry was limited to whether the trial judge abused its discretion in refusing to set aside the default judgment, and the statement was not sufficient to disclose a meritorious defense.

In *Carrel v. Serco Inc., supra*, Serco tendered an answer and affidavits in support of its motion to vacate default judgment stating that a vehicle involved in an automobile accident was not owned by the company and the driver had never been employed by the company. The Nebraska Supreme Court found that Serco had alleged facts that demonstrated a meritorious defense and produced evidence in support of these allegations at a hearing on the motion. These claims were uncontested by the opposing party. The Supreme Court reversed the judgment of the district court and vacated the judgment entered against Serco.

The facts of this case align more closely with the facts in *Steinberg v. Stahlnecker*. Appellants argue that "Whatever the error was that occurred in the case before the Court," it was a mere "technical" error. Appellants were clearly aware of the requirement to file a written answer; the March 26, 2015 due date was included in the notice of transfer, which was prepared and submitted by Appellants' attorney when Appellants initiated the transfer of this case from small claims to county court. Appellants' motion to set aside alleged only that "John Rodis is not an appropriate party in this matter because the contracting parties were the Plaintiff and Rodis, Inc. d/b/a Maaco Auto Painting & Body Works." Appellants provided no signed contracts, nor any sworn statements of the parties regarding the ownership of the business entity in question. There is no allegation that the business entity named as a defendant in the complaint is not a proper party to this case. Although Appellants do not need to prove that they would ultimately prevail, under these facts, appellants have failed to tender an answer or other proof disclosing a meritorious defense to the action which is the subject of the default. See *Carrel v. Serco Inc., supra.*

## CONCLUSION

Upon our review, we find the district court did not abuse its discretion in affirming the order of the county court. Therefore, we affirm.

AFFIRMED.